---

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____ Chapter __11__

☐ Check if this an
amended filing

---

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy
06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | ICON Aircraft, Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | N/A |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 20-5147443 |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| | |
| **2141 ICON Way, Vacaville, CA 95688** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Solano** | Location of principal assets, if different from principal place of business |
| County | |
| | Number, Street, City, State & ZIP Code |

**5. Debtor's website** (URL)    https://www.iconaircraft.com/

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **ICON Aircraft, Inc.**                                                    Case number (*if known*)
_____
Name

**7.  Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

_____3399_____

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.

☐ Yes.

| District | When | Case number |
|----------|------|-------------|
| District _____ | When _____ | Case number _____ |
| District _____ | When _____ | Case number _____ |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☒ Yes.

Debtor    **ICON Aircraft, Inc.**                                                    Case number *(if known)* _____

Name

List all cases. If more than 1,
attach a separate list

| Debtor | See Schedule 1 | | Relationship | Affiliate |
|---|---|---|---|---|
| District | Delaware | When _____ | Case number, if known | |

---

**11.  Why is the case filed in *this district*?**    *Check all that apply:*

☒  Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately
preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐  A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.  Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.

Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐  It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐  It needs to be physically secured or protected from the weather.

☐  It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example,
livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐  Other _____

**Where is the property?** _____
                          Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency    _____
              Contact name    _____
              Phone    _____

---

**Statistical and administrative information**

**13.  Debtor's estimation of available funds**    *Check one:*

☒  Funds will be available for distribution to unsecured creditors.

☐  After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14.  Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

---

**15.  Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16.  Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| Debtor | **ICON Aircraft, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

---

**Request for Relief, Declaration, and Signatures**

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **04/04/2024**
                  MM / DD / YYYY

**X**   */s/ Thomas M. McCabe*                              **Thomas M. McCabe**
        Signature of authorized representative of debtor       Printed name

Title   **Chief Restructuring Officer**

---

**18. Signature of attorney**

**X**   */s/ Sean M. Beach*                    Date **04/04/2024**
        Signature of attorney for debtor              MM / DD / YYYY

**Sean M. Beach**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**1000 North King Street, Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **302-571-6600**        Email address   **sbeach@ycst.com**

**DE No. 4070, Delaware**
Bar number and State

---

## SCHEDULE 1

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the affiliated entities listed below (collectively, the "Debtors"), including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that the Court jointly administer their chapter 11 cases for administrative purposes only.

| Entity | Federal Tax ID # |
|---|---|
| ICON Aircraft, Inc. | 20-5147443 |
| Rycon LLC | 47-5365297 |
| IC Technologies Inc. | 37-1747918 |
| ICON Flying Club, LLC | 30-1146101 |

## SECRETARY'S CERTIFICATE OF
## ICON AIRCRAFT, INC.

April 4, 2024

The undersigned, being the Secretary of ICON Aircraft, Inc., a Delaware corporation, (the "Company") hereby certifies as follows:

1.      I am the duly qualified and appointed Secretary of the Company.  As such, I am familiar with the facts herein certified and am duly authorized to certify the same on behalf of the Company.

2.      Attached hereto as **Exhibit A** is a true, correct, and complete copy of the Resolutions of the Board of Directors (the "Board") of the Company and the Resolutions of the Special Committee of the Board (the "Special Committee") that were duly adopted at a properly convened meeting of the Board and Special Committee on April 2, 2024 (the "Resolutions").

3.      Such Resolutions have not been amended, altered, annulled, rescinded, or revoked, and are in full force and effect as of the date hereof.  There exist no other, subsequent resolutions of the Board or Special Committee relating to the matters set forth in the Resolutions attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date first written above.

By: _____
DocuSigned by:
*Jerry Meyer*
203ECF3EFCB14ED...
Name:  Jerry Meyer
Title:   Secretary

## **Exhibit A**

Resolutions

*See attached.*

# BOARD RESOLUTIONS

## I.   Approval of Voluntary Petition for Relief under Applicable Bankruptcy Law and Seeking Necessary Relief.

**WHEREAS**, the Board has considered presentations by the Company's management ("**Management**") and its legal and financial advisors (collectively, the "**Advisors**") regarding (a) the assets, the current and long-term liabilities, the historical performance, liquidity, and prospects of the Company, (b) the Strategic Options (as defined below) available to the Company, and (c) the potential effects of the foregoing on the Company's business and stakeholders.

**WHEREAS**, in connection with its consideration of the Strategic Options available to the Company, the Board has considered: (a) a proposed filing of a voluntary petition (the "**Petition**") to commence a case (the "**Bankruptcy Case**") under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), (b) a proposed sale of all or a portion of the Company's assets pursuant to section 363 of the Bankruptcy Code, and (c) proposed distributions to creditors pursuant to a chapter 11 plan of liquidation (as such plan may be amended, modified or supplemented from time to time, the "**Plan**").

**WHEREAS**, the Board has received, reviewed, considered, and discussed the recommendations of Management and the Advisors and fully considered the Strategic Options available to the Company, including the relative risks and benefits of pursuing bankruptcy proceedings under the provisions of chapter 11 of the Bankruptcy Code, and has determined that it is desirable and in the best interests of the Company, its creditors, its stockholders and other interested parties that the Company (a) file the Petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court to commence the Bankruptcy Case, (b) enter into a proposed sale of all or a portion of the Company's assets pursuant to section 363 of the Bankruptcy Code, and (c) consummate the Plan.

**NOW, THEREFORE, BE IT RESOLVED**, that the Company be, and hereby is, authorized and directed to file the Petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing.

**RESOLVED FURTHER**, that any officer, director or other authorized person of the Company or any of their delegates (each individually, an "**Authorized Person**" and collectively, the "**Authorized Persons**") be, and each of them, acting alone, hereby is, authorized and empowered in the name of and on behalf of the Company to verify, modify (as necessary or desirable), execute, and/or file or cause to be filed the Petition, its ancillary documents, and all other schedules, lists, motions, applications, and other papers or documents necessary or desirable in connection with the foregoing in such form or forms as any such Authorized Person may approve.

**RESOLVED FURTHER**, that the Authorized Persons, be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company to negotiate, execute and deliver the Plan and any ancillary or related documents in such form and with such changes,

additions and modifications thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery thereof to be conclusive evidence of the approval thereof by such Authorized Person and by the Board.

**RESOLVED FURTHER**, that each of the Authorized Persons of the Company or their designees be, and each of them acting alone hereby is, authorized, directed and empowered, in the name of and on behalf of the Company, to pay all expenses, including Advisors' fees and retainers, taxes, consent payments, indemnities, and filing fees, in each case as in such Authorized Person's or Authorized Persons' judgment shall be necessary or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein, with all of such payments to be conclusive evidence of such approval and that such Authorized Person deemed the same to be so necessary, appropriate or advisable.

**RESOLVED FURTHER**, that each Authorized Person be, and hereby is, authorized, directed, and empowered from time to time in the name and on behalf of the Company, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, and the performance or execution thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person and by the Board.

**RESOLVED FURTHER**, that each Authorized Person be, and hereby is, authorized, directed, and empowered from time to time in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, to pay all expenses, including filing fees, and to take such other actions, as in the judgment of such Authorized Person, shall be necessary, proper, or desirable to prosecute to a successful completion the Bankruptcy Case and to effectuate the restructuring or liquidation of the Company's debt, other obligations, organizational form, or structure and ownership of the Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of these resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions.

**RESOLVED FURTHER**, that the Authorized Persons be, and they hereby are, authorized to bind the Company for the purposes of the resolutions herein.

**RESOLVED FURTHER**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions or hereby waives any right to have received such notice.

## II.  <u>Confirmation and Clarification of Special Committee's Authority to Conduct Investigation.</u>

**WHEREAS**, the Board has previously designated a special committee (the "**Special Committee**") to evaluate, negotiate, deem advisable, approve, execute, consummate and implement, or reject, strategic options with respect to the Company and its subsidiaries to the maximum extent permitted by the Ninth Amended and Restated Certificate of Incorporation, the

Amended and Restated Bylaws, the Sixth Amended and Restated Stockholders' Agreement and the other organizational documents of the Company, as may be amended, restated or supplemented from time to time in accordance with their terms (collectively, the "**Company Organizational Documents**") including but not limited to a sale, financing, intellectual property licensing, business combination with a special purpose acquisition company, restructuring, reorganization, recapitalization, bankruptcy, insolvency or other transaction deemed necessary or desirable by the Special Committee; provided that the filing of bankruptcy by the Company shall require the approval of the Board (the "**Strategic Options**").

**WHEREAS** the Board has previously delegated to the Special Committee all authority of the Board to the maximum extent permitted by the Company Organizational Documents as may be required or advisable to fulfill the purpose of the Special Committee, including the authority to take all actions required to evaluate, negotiate, deem advisable, approve, execute, consummate and implement, or reject, any Strategic Option.

**WHEREAS**, the Board has determined in the exercise of its business judgment that it is advisable and in the best interests of the Company and its stakeholders, to confirm and clarify that in connection with the exploration of Strategic Options available to the Company, the Special Committee is authorized by the current Special Committee Charter, subject to and in accordance with the Bylaws, to engage in the evaluation of any conflict matters, including (a) certain rights, authority, and powers in connection with any matters pertaining to any claims or causes of action of the Company in which a conflict of interest exists or is reasonably likely to exist between the Company, on the one hand, and any Related Party, on the other hand (the "**Conflict Matters**"); and (b) the tasks of reviewing, negotiating, evaluating, opposing, prosecuting, litigating, proposing, approving and/or entering into settlement terms and conditions in response to, arising from, in connection with or related to the Conflict Matters.

**WHEREAS**, the Board has determined in its good faith judgment that Thomas Fitzgerald (the "**Independent Director**"), who is currently the sole member of the Special Committee, does not have an interest in any Conflict Matters and does not possess material business, close personal relationships, or other affiliations, or any history of any such material business, close personal relationships, or other affiliations, with the Company or any of its equity holders, affiliates, directors, managers, and officers, or other stakeholders (collectively, the "**Related Parties**") that would cause him to be unable to (a) exercise independent judgment based on the best interests of the Company or (b) make decisions and carry out his responsibilities as a member of the Board, in each case, in accordance with the terms of the Company's Organizational Documents and applicable law.

**NOW, THEREFORE, BE IT RESOLVED**, that the Special Committee is confirmed and clarified to have authority under the current Special Committee Charter to take any and all actions with respect to reviewing, negotiating, evaluating, opposing, prosecuting, litigating, proposing, approving and/or entering into settlement terms and conditions in response to, arising from, in connection with or related to any Conflict Matters.

**RESOLVED FURTHER**, that to the fullest extent permitted under applicable law, the Board hereby confirm and clarify that, under the current Special Committee Charter, the Special Committee is delegated with the authority to investigate and determine, in the Special Committee's

business judgment, whether any matter constitutes a Conflict Matter, and that any such determination shall be binding on the Company.

**RESOLVED FURTHER**, that, to the fullest extent permitted under applicable law, the Board hereby confirm and clarify that, under the current Special Committee Charter, the Special Committee is delegated with the authority to, on behalf of the entire Board and as it deems appropriate or desirable in its discretion, take any action with respect to the Conflict Matters, as determined in the sole judgment of the Special Committee, including, but not limited to: (a) any release or settlement related to the Conflict Matters, if any, against the Related Parties; (b) any decision regarding all or part of a Conflict Matter to the extent it constitutes a Conflict Matter; and (c) any other transaction or claim implicating the Company in which a Related Party has an interest.

**RESOLVED FURTHER**, that the Special Committee shall control any attorney-client work product, or other privilege belonging to the Company in connection with any Conflict Matters and on whether any matter constitutes a Conflict Matter.

**RESOLVED FURTHER**, that all acts and deeds previously performed by the Special Committee and the Independent Director, in his capacity as such, prior to the date of these resolutions shall be deemed the acts and deeds of the Special Committee under the current Special Committee Charter and in furtherance of these resolutions, and are hereby adopted, approved, authorized, ratified and confirmed.

**RESOLVED FURTHER**, that the Special Committee is hereby authorized and empowered to take any action as may be necessary or appropriate in his judgment to fulfill the duties and functions of the Special Committee as are authorized herein and under the current Special Committee Charter.

**RESOLVED FURTHER**, that in performing the duties and functions as are authorized herein and under the current Special Committee Charter, the Independent Director is acting in his capacity as a director of the Company and thus shall be entitled to indemnification and reimbursement of expenses for any and all actions performed in connection with his services as Independent Director, as provided in the Company's articles of incorporation, the Bylaws and any contractual indemnification or reimbursement of expense provisions, in each case to the maximum extent permitted by law.

## III.     <u>Approval of the Amendment to the Special Committee Charter.</u>

**WHEREAS**, the Board has determined in the exercise of its business judgment that it is advisable and in the best interests of the Company and its stakeholders, for the purpose of confirmation and clarification, to amend the Special Committee Charter in substantially the form attached hereto as <u>Exhibit A</u> (the "**Amended Special Committee Charter**").

**NOW THEREFORE, BE IT RESOLVED**, that the Board hereby ratifies, approves and adopts the Amended Special Committee Charter in all respects.

**IV.**     **Approval of the Amended Engagement Letter for the Independent Director.**

**WHEREAS**, the Company and Auburndale Advisors LLC ("**Contractor**") entered into that certain Independent Director Agreement, dated as of February 8, 2024 (the "**Agreement**"), under which that Contractor arrange for the Independent Director to serve as an independent director of the Company.

**WHEREAS**, the Company desires that Contractor arrange for the Independent Director to continue his role at the Company as an independent director, the sole member of the Special Committee and Chairman of the Board during the pendency of any cases commenced by the Company pursuant to the Bankruptcy Code.

**WHEREAS**, the Board determined in the exercise of its business judgment that, in connection with the Independent Director's expanded duties, it is advisable and in the best interests of the Company and its stakeholders to amend the Agreement through an amendment substantially the form attached here as Exhibit B (the "**Amendment**") so as to revise the compensation to the Independent Director.

**NOW, THEREFORE, BE IT RESOLVED**, that the Board hereby ratifies, approves and adopts the Amendment in all respects.

**RESOLVED FURTHER**, that the Authorized Persons, be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company to negotiate, execute and deliver the Amendment and any ancillary or related documents in such form and with such changes, additions and modifications thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery thereof to be conclusive evidence of the approval thereof by such Authorized Person and by the Board.

**V.**     **Appointment and Confirmation of Chief Restructuring Officer.**

**WHEREAS**, the Board has determined in the exercise of its business judgment that it is advisable and in the best interests of the Company and its stakeholders to appoint Thomas McCabe to serve as the Company's Chief Restructuring Officer in connection with the Bankruptcy Case.

**NOW, THEREFORE, BE IT RESOLVED,** that Thomas McCabe be, and hereby is, elected to serve as the Company's Chief Restructuring Officer and to hold such office until his successor shall be duly appointed or until his earlier death, resignation or removal.

**VI.**     **D&O Insurance Policy.**

**WHEREAS**, the Board has determined in the exercise of its business judgment that it is advisable and in the best interests of the Company and its stakeholders to obtain a director and office insurance policy from CAC Specialty (the "**D&O Insurance Policy**") consistent with the terms and conditions as presented to the Board by the Company's management.

**NOW, THEREFORE, BE IT RESOLVED,** that the D&O Insurance Policy be, and hereby is, approved in all respects.

**RESOLVED FURTHER**, that the Company is hereby authorized to cancel existing director and office insurance policy once the D&O Insurance Policy becomes effective.

**RESOLVED FURTHER**, that the Authorized Persons, be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company to negotiate, purchase and obtain the D&O Insurance Policy and any ancillary or related documents in such form and with such changes, additions and modifications thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery thereof to be conclusive evidence of the approval thereof by such Authorized Person and by the Board.

## VII.  General Authorization and Ratification.

**FURTHER RESOLVED**, that any officer, director or other Authorized Person of the Companies be, and each hereby is, empowered, authorized and directed to take such actions as such Authorized Person may deem necessary or convenient to carry out the intent of any and all of the foregoing resolutions in accordance therewith.

**FURTHER RESOLVED**, that the execution by such Authorized Person of any agreement, certificate or other document or the doing by him or her of any act in connection with the foregoing matters shall conclusively establish his or her authority therefore from the Board and the adoption, approval, authorization, ratification and confirmation by the Board of any such agreement, certificate or other document so executed and the action so taken.

**FURTHER RESOLVED**, that any and all actions heretofore or hereafter taken by any Authorized Person, any director, agent or other representative of the Companies be, and they hereby are, adopted, approved, authorized, ratified and confirmed as the act and deed of the Companies.

**<u>Exhibit A</u>**

**Amended Special Committee Charter**

# ICON AIRCRAFT, INC.

## SPECIAL COMMITTEE CHARTER

### Amended by the Board on April 2, 2024

The Board of Directors (the "**Board**") of ICON Aircraft, Inc., a Delaware corporation (the "**Company**"), has adopted this charter (this "**Charter**") for the Special Committee of the Board (the "**Committee**").

## Purpose

The purpose of the Committee is evaluate, negotiate, deem advisable, approve, execute, consummate and implement, or reject, strategic options with respect to the Company and its subsidiaries to the maximum extent permitted by the Ninth Amended and Restated Certificate of Incorporation, the Amended and Restated Bylaws, the Sixth Amended and Restated Stockholders' Agreement and the other organizational documents of the Company, as may be amended, restated or supplemented from time to time in accordance with their terms (collectively, the "**Company Organizational Documents**") including but not limited to a sale, financing, intellectual property licensing, business combination with a special purpose acquisition company, restructuring, reorganization, recapitalization, bankruptcy, insolvency or other transaction deemed necessary or desirable by the Committee, which shall include, for avoidance of doubt, investigation and analysis of any claims and causes of action asserted by or against any current or former employee, officer, director, shareholder or affiliate thereof; provided that the filing of bankruptcy by the Company shall require the approval of the Board (the "**Strategic Options**").

## Composition

The Committee shall consist of Tom FitzGerald, who is determined by the Board as independent for the purposes of the Committee.

## Committee Authority and Responsibilities

The Committee has been delegated all authority of the Board to the maximum extent permitted by the Company Organizational Documents as may be required or advisable to fulfill the purpose of the Committee, including the authority to take all actions required to evaluate, negotiate, deem advisable, approve, execute, consummate and implement, or reject, any Strategic Option.

## Powers of the Committee

The Committee is hereby further authorized and empowered to, in the exercise of its business judgment:

(a) retain legal counsel of its choosing, at the Company's expense, to assist the Committee;

(b) retain investment bankers and, as needed, other advisors of its choosing, at the Company's expense, to assist it and the Company as the Committee may consider necessary, appropriate or advisable from time to time in order to perform its purpose;

1

(c) coordinate and consult in carrying out its purpose, both directly and through its professional advisors, with the directors, management and professional advisors of and to the Company, all in such manner as the Committee considers appropriate or advisable; and

(d) take such other steps and do such other things as it, in its sole discretion, considers necessary, appropriate or advisable in order to discharge its responsibilities.

**Committee Logistics**

The Committee shall act on the vote of the sole member of the Committee.  The Committee may also act by written consent of the sole member of the Committee.

The Committee may determine additional rules and procedures to the extent not inconsistent with this Charter and the Company Organizational Documents.

*    *    *

| Debtor name | **ICON Aircraft, Inc.** |
|---|---|
| United States Bankruptcy Court for the: _____ District of **Delaware** |  |
|  | (State) |
| Case number (If known): _____ |  |

❑ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **East West Bank** 9300 Flair Drive, 6th Fl El Monte, CA 91731 | Kate Chi Kate.Chi@eastwestbank.com talk2us@eastwestbank.com | Notes | | | | **$65,000,000.00** |
| 2 | **Co-Production International Inc.** 8716 Sherwood Terrace San Diego, CA 92154 | Sandra Aguayo sandra.aguayo@co-production.com | Trade | Disputed | | | **$1,032,937.82** |
| 3 | **Marsh** PO Box 846112 Dallas, TX 75284-6112 | Brian Anderson fiduciaryservicerequest.US@marsh.com Michelle Anne Arguelles Michelle-Anne.Arguelles@marsh.com P: 902-429-2726 F: 902-429-2292 | Insurance | | | | **$300,000.00** |
| 4 | **Toray Advanced Composites USA Inc.** 18410 Butterfield Boulevard Morgan Hill, CA 95037 | Sheila Shepherd P: 949-426-2688 P: 408-776-0700 F: 212-972-4297 ar.mh@tcac-usa.com | Trade | | | | **$213,441.83** |
| 5 | **PW Fund B, LP** C/O Buzz Oates Management Services, Inc. 555 Capitol Mall, Suite 900 Sacramento, CA 95814 | Liz Ferneau P: 916-379-3804 P: 916-378-3800 lizferneau@buzzoates.com Yvette Perry YvettePerry@buzzoates.com | Rent | | | | **$190,945.01** |
| 6 | **OTTO Engineering Inc.** 2 East Main Street Carpentersville, IL 60110 | Steve Redlich P: 847-654-8294 P: 847-428-7171 F: 847-551-1343 Steve.Redlich@ottoexcellence.com | Trade | | | | **$120,666.64** |
| 7 | **Kodiak Research, Ltd** Nassau International Airport P.O. Box SS 6758 Coral Harbour Road Nassau, Bahamas | Irene Moree P: 242-362-2199 im@kodiakbs.com | Trade | | | | **$115,260.00** |
| 8 | **Mangrove Insurance Solutions, PCC** C/O Marsh Management Services 463 Mountain View Drive, Suite 301 Colchester, VT 05446 | Nick Gale P: +44 162 463 0506 Nick.Gale@marsh.com | Insurance | | | | **$100,000.00** |

Debtor Name _____**ICON Aircraft, Inc.**_____   Case Number _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | **Shenzhen ZTL Technology Co. Ltd** 14 Bldg., 3rd Industrial Park of Dawangshan Shajing St., Baoan Dist. Shenzhen, Guangdong 518104 | Queena Ma P: +86 (0) 755 2350 1660 P: +86 136 6263 3076 F: 86-755-27225865 queena@ztltech.com | Trade | | | | $82,059.50 |
| 10 | **AIRTECH** 5700 Skylab Road Huntington Beach, CA 92647 | Francisca Hernandez P: 714-899-2401 fhernandez@airtech.com P: 714-899-8100 F: 714-899-8179 kvalenzuela@airtechintl.com | Trade | | | | $78,005.67 |
| 11 | **Fictiv** 168 Welsh Street San Francisco, CA 94107 | Jeff Duncan P: 706-877-9779 jeff.duncan@fictiv.com P: 415-580-2509 ar@fictiv.com | Trade | | | | $72,595.91 |
| 12 | **Plex Accounting System** 900 Tower Dr. Suite 1500 Troy, MI48098 | Diana Robbins P: 888.454.7539 drobbins@plex.com | Trade | | | | $70,000.00 |
| 13 | **McCarter & English, LLP** Four Gateway Center, 100 Mulberry St Newark, NJ 07102 | Andrea Wilhelme P: 973-622-4444 P: 302-984-6366 F: 973-624-7070 aWilhelme@mccarter.com | Professional Fees | | | | $64,759.64 |
| 14 | **Solano County** 301 County Airport Road Vacaville, CA 95688 | P:707-784-6200 P: 707-784-6100/6140 F: 707-784-6665 Cao-clerk@solanocounty.com clerk@solanocounty.com assesor@solanocounty.com | Taxes | | | | $56,619.00 |
| 15 | **Duqueine Group** 442 Avenue Lavoisier Massieux, FR 1600 | Mélanie Renault salesadmin@duqueine.fr P: +33(0)4 78 98 39 93 Jerome Aubry P: 33478983993 jerome.aubry@duqueine.fr | Trade | | | | $52,467.00 |
| 16 | **Rockwell Automation Inc.** 900 Tower Drive, Suite 1400 Troy, MI 48098-2822 | Ken Brewster P: 248-221-3214 P: 248-391-8001 Ken.brewster@rockwellautomation.com Darren Walter Darren.walter@rockwellautomation.com | Information Technology | | | | $50,532.00 |
| 17 | **Global Technology Ventures, Inc.** 37408 Hills Tech Drive Farmington Hills, MI 48331 | Susan L Willis P: 248-324-3707 F: 248-741-6122 susan@gtvinc.com | Trade | | | | $43,513.30 |

Debtor Name _____**ICON Aircraft, Inc.**_____    Case Number _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | **Chubb Seguros Mexico, S.A.** Paseo de la Reforma 250 Torre Niza Pizo 7 Col Juarez Cuauhtemoc Ciudad, CMX 06600 | Rory Gunter P: 213-358-2142 Rory.gunter@marsh.com | Insurance | | | | $40,271.00 |
| 19 | **DIAB Americas LP** 315 Seahawk Drive DeSoto, TX 75115 | LaShirl Flowers P: +1 972 228-7644 stephaniequesada@compassmade.com Vita Montoya P: 972-228-3500 cs@us.diabgroup.com,vita.montoya@us.diabgroup.com | Trade | | | | $36,100.00 |
| 20 | **Compass Components, Inc.** 2400 Atlantic Way SE Deming, NM 88030 | Stephanie Quesada stephaniequesada@compassmade.com P: 575-546-0714 Ext. 115 F: 510-656-4682 AR@compassmade.com | Trade | | | | $35,580.00 |
| 21 | **Garmin USA Inc.** 1200 East 151st Street Olathe, KS 66062 | Diane Commodore F: 913-397-8282 Diane.Commodore@garmin.com | Trade | | | | $34,631.25 |
| 22 | **The Flight Shop, Inc.** 1780 N. 2000 W. Hangar #21 Brigham City, UT 84302 | Jodie McNeely jodie@theflightshop.com P: 435-723-3469 sales@theflightshop.com | Trade | | | | $33,848.13 |
| 23 | **Blue Shield of California** PO Box 749415 Los Angeles, CA 90074-9415 | Susy Spackman P: 408-828-3447 F: 916-350-8860 Susy.spackman@blueshieldca.com Heather martinez P: 559-785-7121 Heather.martinez@blueshieldca.com | Employee Benefits | | | | $33,147.56 |
| 24 | **CABLE CONNECTION** 1035 Mission Court Fremont, CA 94539 | Jim Bush jbush@cable-connection.com P: 510-624 3965 Trish O'Leary toleary@cable-connection.com P: (510) 624-3917 | Trade | | | | $29,729.00 |
| 25 | **XOMETRY, INC.** 7951 CESSNA AVE GAITHERSBURG, MD 20879 | Kirstin Stratton P: 859-217-4086 kstratton@xometry.com P: 240-252-1138 support@xometry.com | Trade | | | | $27,378.00 |
| 26 | **Quarlink Corp.** 7657 Winnetka St. Suite 162 Winnetka, CA 91306 | Michel Yate yatesma@msn.com 818-645-4578 P: 818-660-1161 yatesma@msn.com | Trade | | | | $26,452.71 |
| 27 | **TW Telecom** PO Box 910182 Denver, CO 80291-0182 | Michael D. Levy P: 925-588-9501 P: 877-253-8353 P: 877-453-8353 Michael.levy@lumen.com billing@lumen.com | Information Technology | | | | $26,333.34 |

Debtor Name _____**ICON Aircraft, Inc.**_____          Case Number _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28   **Beringer Aero USA**<br>Aope-Champ Eymi<br>Tallard, FR F-05130 | Trevor Burnette<br>864-214-4274<br>trevor@beringer-aero.us<br>P: +33 492 201 619<br>sales@beringer-aero.com | Trade | | | | **$22,927.76** |
| 29   **HISCO**<br>468 Vista Way<br>Milpitas, CA 95035 | Sandra Leal<br>+52 1 664-623-6893<br>sleal@hiscoinc.com<br>P: 408-941-7800<br>lelias@hiscoinc.com | Equipment & Software | | | | **$22,880.40** |
| 30   **PG&E**<br>Box 997300<br>Sacramento, CA 95899-7300 | Christine DeSanze<br>P: 1-800-468-4743<br>Christine.DeSanze@pge.com | Utilities | | | | **$20,701.21** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ICON AIRCRAFT, INC., | Case No. 24- __ (___) |
| Debtor. | |

### LIST OF EQUITY SECURITY HOLDERS[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor in possession (the "Debtor") respectfully represents that the following is the list of holders of the Debtor's equity interests:

| Name and Last Known Address of Interest Holder | Kind/Class of Interest | Shares Held |
|---|---|---|
| Adam Rietz [REDACTED] | Common Stock | 2,333 |
| Amy Julian [REDACTED] | Common Stock | 10,000 |
| Andrew Boszhardt, Jr. [REDACTED] | Series A Preferred Stock | 135,053 |
| Andrew Boszhardt, Jr. [REDACTED] | Series B Preferred Stock | 62,976 |
| Andrew Boszhardt, Jr. [REDACTED] | Series D Preferred Stock | 330,268 |
| Andy Barkin [REDACTED] | Common Stock | 30,000 |
| Aneel Pandey [REDACTED] | Series B Preferred Stock | 26,769 |
| Ashley Freyer [REDACTED] | Common Stock | 1,166 |
| Asset Management Company Venture Fund, L.P. | Series C Preferred Stock | 831,531 |
| Asset Management Company Venture Fund, L.P. | Series D Preferred Stock | 6,667 |
| BANSK II s.A R.L | Common Stock | 64,584 |
| BANSK II s.A R.L | Series C Preferred Stock | 4,066,080 |
| BANSK II s.A R.L | Series D Preferred Stock | 968,217 |
| Barton Revocable Trust u/a/d 6/14/00 | Series B Preferred Stock | 58,530 |

---

[1] This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the chapter 11 case.

| Name and Last Known Address of Interest Holder | Kind/Class of Interest | Shares Held |
|---|---|---|
| 153 2nd Street, Suite 103<br>Los Altos, CA 94022 | | |
| Barton Revocable Trust u/a/d 6/14/00<br>153 2nd Street, Suite 103<br>Los Altos, CA 94022 | Series B-2 Preferred Stock | 14,983 |
| Belinda Butler | Series A Preferred Stock | 640,789 |
| Belinda Butler | Series B Preferred Stock | 100,966 |
| Brad Thomas<br>[REDACTED] | Series C Preferred Stock | 44,438 |
| Brad Thomas<br>[REDACTED] | Series D Preferred Stock | 100,000 |
| Braden Huber<br>[REDACTED] | Series C Preferred Stock | 90,853 |
| Brian Hegarty<br>[REDACTED] | Series B-2 Preferred Stock | 18,945 |
| Brian Hegarty<br>[REDACTED] | Series C Preferred Stock | 20,918 |
| Bruce Leak<br>[REDACTED] | Series B Preferred Stock | 112,242 |
| Byron Young<br>[REDACTED] | Common Stock | 5,166 |
| Catherine Cashin<br>[REDACTED] | Common Stock | 4,000 |
| Central Illinois Anesthesia Services Ltd. Profit Sharing Plan | Series C Preferred Stock | 21,969 |
| Charles Robertson<br>[REDACTED] | Series C Preferred Stock | 115,057 |
| Christopher Dawson<br>[REDACTED] | Common Stock | 200,000 |
| Daniel Kelly<br>[REDACTED] | Series A Preferred Stock | 49,902 |
| Daniel Kelly<br>[REDACTED] | Series B Preferred Stock | 25,126 |
| David Crook<br>[REDACTED] | Common Stock | 903,075 |
| David Crook<br>[REDACTED] | Series A Preferred Stock | 79,813 |
| David Crook<br>[REDACTED] | Series B Preferred Stock | 56,771 |
| David Dolby<br>[REDACTED] | Series C Preferred Stock | 1,197,856 |
| David Dolby<br>[REDACTED] | Series D Preferred Stock | 517,083 |
| David Ferrari | Series B Preferred Stock | 7,011 |

| Name and Last Known Address of Interest Holder | Kind/Class of Interest | Shares Held |
|---|---|---|
| [REDACTED] | | |
| Dorian Roberts [REDACTED] | Common Stock | 33,317 |
| Doug Tatum | Common Stock | 25,000 |
| Endeavor Partners L.P. | Series B Preferred Stock | 94,255 |
| Endeavor Partners L.P. | Series B-2 Preferred Stock | 31,518 |
| Endeavor Partners L.P. | Series C Preferred Stock | 10,373 |
| Eric Deardorff | Series C Preferred Stock | 77,549 |
| Eric Deardorff | Series D Preferred Stock | 100,000 |
| Esther Dyson [REDACTED] | Series A Preferred Stock | 674,254 |
| Esther Dyson [REDACTED] | Series B Preferred Stock | 361,877 |
| Esther Dyson [REDACTED] | Series C Preferred Stock | 44,125 |
| Firefly Investments, Inc. [REDACTED] | Series B Preferred Stock | 73,896 |
| Firefly Investments, Inc. [REDACTED] | Series B-2 Preferred Stock | 10,830 |
| Georges Harik [REDACTED] | Series B Preferred Stock | 156,250 |
| Georges Harik [REDACTED] | Series B-2 Preferred Stock | 41,155 |
| Global Reach Investments | Series C Preferred Stock | 166,306 |
| Global Reach Investments | Series D Preferred Stock | 353,300 |
| Great Oaks Ventures | Series D Preferred Stock | 52,790 |
| GTI Supply Chain Limited | Series E Preferred Stock | 219,422 |
| Gus Spanos [REDACTED] | Series B Preferred Stock | 12,316 |
| Harrison Miller [REDACTED] | Series C Preferred Stock | 28,200 |
| Herail Family Trust, Jocelyn Sylvester TTEE | Series D Preferred Stock | 33,333 |
| Investor Company ITF Epic Income Fund A/C 5J5315F | Series C Preferred Stock | 96,030 |
| James Cunningham [REDACTED] | Series C Preferred Stock | 48,488 |
| James Gutierrez [REDACTED] | Series B Preferred Stock | 61,514 |
| Jennifer Perini [REDACTED] | Series C Preferred Stock | 48,488 |
| Jesse Kingg | Common Stock | 2,281 |

| Name and Last Known Address of Interest Holder | Kind/Class of Interest | Shares Held |
|---|---|---|
| [REDACTED] | | |
| JHB Ventures LLC | Series C Preferred Stock | 109,847 |
| Jim Ellis [REDACTED] | Series B Preferred Stock | 49,155 |
| John Moran [REDACTED] | Series C Preferred Stock | 5,492 |
| John S. Osterweis TTEE for the Osterweis Revocable Trust dtd 9/13/93 | Series B Preferred Stock | 24,632 |
| John Schoenfeld [REDACTED] | Series C Preferred Stock | 103,941 |
| John Schoenfeld [REDACTED] | Series D Preferred Stock | 50,000 |
| John Stewart [REDACTED] | Series C Preferred Stock | 103,941 |
| Jon Campagna [REDACTED] | Common Stock | 36,099 |
| Jon Karkow [REDACTED] | Common Stock | 333,219 |
| Kanusul Capital Pte Ltd. | Series C Preferred Stock | 1,252,257 |
| Kirk Hawkins [REDACTED] | Common Stock | 5,853,224 |
| Krassimir Piperkov [REDACTED] | Common Stock | 22,860 |
| Kurt Spranger [REDACTED] | Common Stock | 23,283 |
| Lawrence Miao and Kana Muraki Trust | Series C Preferred Stock | 54,923 |
| M&H Advisors, LLC | Common Stock | 24,000 |
| M&H Advisors, LLC | Series B-2 Preferred Stock | 17,728 |
| Makana Trust | Series C Preferred Stock | 112,799 |
| Marc Zeitlin [REDACTED] | Common Stock | 6,000 |
| Mark Andersen [REDACTED] | Common Stock | 2,500 |
| Mark Hubbard [REDACTED] | Common Stock | 5,333 |
| Mark Piekny [REDACTED] | Common Stock | 3,250 |
| Martin A. Mishkin and Andrea D. Otter as Joint Tenants with Rights of Survivorship | Series C Preferred Stock | 103,733 |

| Name and Last Known Address of Interest Holder | Kind/Class of Interest | Shares Held |
|---|---|---|
| Martin Greenstein | Common Stock | 60,745 |
| Matthew Gionta [REDACTED] | Common Stock | 666,341 |
| Michael Tanne [REDACTED] | Common Stock | 50,000 |
| Michael Tanne [REDACTED] | Series B Preferred Stock | 27,722 |
| Midas Air, LLC | Series B-2 Preferred Stock | 110,267 |
| Mike Black [REDACTED] | Common Stock | 16,631 |
| Murat Kazanci [REDACTED] | Common Stock | 35,000 |
| Nanshan Group Co., Ltd. [REDACTED] | Series D Preferred Stock | 26,530,613 |
| Paul Crandell [REDACTED] | Common Stock | 131,981 |
| Paul Touw [REDACTED] | Series B Preferred Stock | 14,022 |
| Paulette Rush [REDACTED] | Common Stock | 6,250 |
| Perot Jain, L.P. | Series C Preferred Stock | 140,999 |
| Peterson Ventures III, LLC 2755 East Cottonwood Pkwy #400, Salt Lake City, UT 84121 | Series A Preferred Stock | 91,818 |
| Peterson Ventures III, LLC 2755 East Cottonwood Pkwy #400, Salt Lake City, UT 84121 | Series B Preferred Stock | 80,789 |
| Peterson Ventures III, LLC 2755 East Cottonwood Pkwy #400, Salt Lake City, UT 84121 | Series B-2 Preferred Stock | 54,151 |
| Philip Hartog [REDACTED] | Series B-2 Preferred Stock | 37,889 |
| Philip R. & Amy K. Wiser Trust | Series B Preferred Stock | 89,972 |
| Pierce Buxton [REDACTED] | Series A Preferred Stock | 93,631 |
| PK Capital L.P. | Series E-2 Preferred Stock | 37,037,046 |
| PK Investment Co., Ltd. | Series A Preferred Stock | 1,954,619 |
| PK Investment Co., Ltd. | Series B Preferred Stock | 3,429,798 |
| PK Investment Co., Ltd. | Series B-2 Preferred Stock | 824,030 |
| PK Investment Co., Ltd. | Series C Preferred Stock | 10,955,274 |

| Name and Last Known Address of Interest Holder | Kind/Class of Interest | Shares Held |
|---|---|---|
| PK Investment Co., Ltd. | Series E-3 Preferred Stock | 33,593,855 |
| PKA Co., Ltd. | Series E-3 Preferred Stock | 25,000,000 |
| Portola Investments II, LLC | Series D Preferred Stock | 166,666 |
| Rakesh Kapoor [REDACTED] | Series C Preferred Stock | 501,960 |
| Ray Dolby 2002 Trust B, dated April 19, 2002 | Series D Preferred Stock | 416,666 |
| Robert Kagle [REDACTED] | Series C Preferred Stock | 98,699 |
| Rod Harris [REDACTED] | Series D Preferred Stock | 33,333 |
| Ronald M. Foster TTEE Foster Trust DTD 9/20/95 | Series D Preferred Stock | 33,333 |
| Ross Epstein [REDACTED] | Common Stock | 1,083 |
| Russell Ellis [REDACTED] | Series B Preferred Stock | 133,332 |
| Russell Ellis [REDACTED] | Series B-2 Preferred Stock | 50,252 |
| Russell Ellis [REDACTED] | Series C Preferred Stock | 140,060 |
| Sameer Parekh, Trustee, Sameer Parekh Trust dated 4/19/2005 | Series B Preferred Stock | 179,529 |
| Sameer Parekh, Trustee, Sameer Parekh Trust dated 4/19/2005 | Series B-2 Preferred Stock | 71,875 |
| San Gunawardana [REDACTED] | Common Stock | 45,000 |
| Sean Navin [REDACTED] | Series A Preferred Stock | 31,069 |
| Sean Navin [REDACTED] | Series B Preferred Stock | 11,089 |
| Seraph Aircraft II, LLC | Series B Preferred Stock | 89,427 |
| Seraph Aircraft, LLC | Series B Preferred Stock | 310,264 |
| Seraph Aircraft, LLC | Series D Preferred Stock | 175,000 |
| SH Eterna, Ltd. | Series B-2 Preferred Stock | 572,488 |
| Shanghai Shunxin Enterprise Management Consulting Co., Ltd. | Series E-4 Preferred Stock | 10,000,000 |
| Sherie Sylvester Trust DTD 3/2/1994 | Series D Preferred Stock | 33,333 |
| Skip Lehman [REDACTED] | Common Stock | 9,375 |

| Name and Last Known Address of Interest Holder | Kind/Class of Interest | Shares Held |
|---|---|---|
| Snowcrest Partners, LLC | Series D Preferred Stock | 66,666 |
| Snowcrest Partners, LLC | Series E-3 Preferred Stock | 78,048 |
| Somerston Technologies Limited | Series D Preferred Stock | 1,033,333 |
| Srikant Misra [REDACTED] | Series B Preferred Stock | 55,444 |
| Srikant Misra [REDACTED] | Series B-2 Preferred Stock | 17,130 |
| Steen Strand [REDACTED] | Common Stock | 1,739,810 |
| TGK Ventures, LLC | Series B Preferred Stock | 186,492 |
| TGK Ventures, LLC | Series B-2 Preferred Stock | 48,085 |
| TGK Ventures, LLC | Series D Preferred Stock | 306,122 |
| The Brood, LLC | Series C Preferred Stock | 110,277 |
| The Hurley Grantor Retained Annuity Trust | Series C Preferred Stock | 222,401 |
| The Hurley Grantor Retained Annuity Trust II | Series C Preferred Stock | 24,694 |
| The Hurley Irrevocable Trust | Series C Preferred Stock | 276,979 |
| The Hurley Irrevocable Trust | Series D Preferred Stock | 714,285 |
| The John Hurley Grantor Retained Annuity Trust | Series C Preferred Stock | 19,963 |
| The Kamilla Hurley Grantor Retained Annuity Trust | Series C Preferred Stock | 19,963 |
| The King Trust DTD 3/23/2007 | Common Stock | 64,000 |
| The Madera Trust DTD Dec. 3, 2002 | Series E Preferred Stock | 37,028 |
| The Northern Trust Company as Trustee of the Philip M. Condit IRA | Series C Preferred Stock | 214,433 |
| Thomas J. Friel and Carolyn G. Friel, As Trustees of the Friel Family Trust dated November 28, 2007 | Series B Preferred Stock | 124,169 |
| Thomas J. Friel and Carolyn G. Friel, As Trustees of the Friel Family Trust dated November 28, 2007 | Series B-2 Preferred Stock | 36,999 |
| Tom Palecek | Series B-2 Preferred Stock | 34,328 |
| Vern Raburn [REDACTED] | Common Stock | 164,247 |
| Vern Raburn [REDACTED] | Series B Preferred Stock | 58,557 |
| Vern Raburn [REDACTED] | Series B-2 Preferred Stock | 15,613 |

| Name and Last Known Address of Interest Holder | Kind/Class of Interest | Shares Held |
|---|---|---|
| Vole Hollow LP | Series D Preferred Stock | 33,333 |
| Wainwright II Revocable Trust U/T/A Dated 9/11/95, Nelson Wainwright, Trustee of W. Nelson [REDACTED] | Series B Preferred Stock | 106,792 |
| William Harris, Jr. [REDACTED] | Series E-3 Preferred Stock | 776,836 |
| William Peters [REDACTED] | Common Stock | 9,999 |
| Yamaha Motor Co., Ltd. 2500 Shingai, Iwata, Shizuoka 438-85041, Japan | Common Stock | 743,401 |
| Yamaha Motor Co., Ltd. 2500 Shingai, Iwata, Shizuoka 438-85041, Japan | Series E Preferred Stock | 4,662,005 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ICON AIRCRAFT, INC., | Case No. 24- __ (___) |
| Debtor. | |

<u>**CORPORATE OWNERSHIP STATEMENT**</u>

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Equity Interest Holder | Kind/Class of Interest | Approximate Percentage of Equity Interests Held |
|---|---|---|
| PK Investment Co., Ltd. | Series A Preferred Stock | 52.11% |
| PK Investment Co., Ltd. | Series B Preferred Stock | 55.48% |
| PK Investment Co., Ltd. | Series B-2 Preferred Stock | 41.03% |
| SH Eterna, Ltd. | Series B-2 Preferred Stock | 28.51% |
| BANSK II s.A R.L | Series C Preferred Stock | 18.93% |
| PK Investment Co., Ltd. | Series C Preferred Stock | 51.00% |
| Nanshan Group Co., Ltd. | Series D Preferred Stock | 82.77% |
| Yamaha Motor Co., Ltd. | Series E Preferred Stock | 94.79% |
| PK Capital L.P. | Series E-2 Preferred Stock | 100.00% |
| PK Investment Co., Ltd. | Series E-3 Preferred Stock | 56.51% |
| PKA Co., Ltd. | Series E-3 Preferred Stock | 42.05% |
| Shanghai Shunxin Enterprise Management Consulting Co., Ltd. | Series E-4 Preferred Stock | 100.00% |

**Fill in this information to identify the case:**

Debtor name    **ICON Aircraft, Inc.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)  _____

☐ Check if this is an amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.    Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration    **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **04/04/2024**            X  */s/ Thomas M. McCabe*
                                         Signature of individual signing on behalf of debtor

                                         **Thomas M. McCabe**
                                         Printed name

                                         **Chief Restructuring Officer**
                                         Position or relationship to debtor