**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ICON AIRCRAFT, INC.,<br><br>　　　　　Debtor.<br><br>Tax I.D. No. 20-5147443 | Chapter 11<br><br>Case No. 24-10703 (TMH) |
| In re:<br><br>RYCON LLC<br><br>　　　　　Debtor.<br><br>Tax I.D. No. 47-5365297 | Chapter 11<br><br>Case No. 24-10704 (TMH) |
| In re:<br><br>IC TECHNOLOGIES INC.<br><br>　　　　　Debtor.<br><br>Tax I.D. No. 37-1747918 | Chapter 11<br><br>Case No. 24-10705 (TMH) |
| In re:<br><br>ICON FLYING CLUB, LLC<br><br>　　　　　Debtor.<br><br>Tax I.D. No. 30-1146101 | Chapter 11<br><br>Case No. 24-10706 (TMH) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE JOINT ADMINISTRATION
OF THE DEBTORS' CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submit this motion (this "Motion"), under section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rule 1015(b) of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Local Rules"), for entry of an order: (a) authorizing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, and (b) granting related relief.  In support of this Motion, the Debtors submit the *Declaration of Thomas McCabe in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference.[1]  In further support of this Motion, the Debtors respectfully state as follows:

## Jurisdiction

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.).  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Bankruptcy Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.    The statutory and other bases for the relief requested in this Motion are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Bankruptcy Local Rule 1015-1.

3.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

**Relief Requested**

4. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, granting, among other things, the following relief:

   a. authorizing the joint administration of these chapter 11 cases for procedural purposes only; and

   b. granting related relief.

5. Specifically, the Debtors request that the Court maintain one file and one docket for all of the jointly administered cases under the case number assigned to ICON Aircraft, Inc., and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ICON AIRCRAFT, INC., *et al.*,[1] | Case No. 24-10703 (TMH) |
| Debtors. | (Jointly Administered) |

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: ICON Aircraft, Inc. (7443), Rycon LLC (5297), IC Technologies Inc. (7918), and ICON Flying Club, LLC (6101). The Debtors' service address is 2141 ICON Way, Vacaville, CA 95688.

6. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of these chapter 11 cases (except for ICON Aircraft, Inc.) to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing the joint administration of the chapter 11 cases of: ICON Aircraft, Inc., Case No. 24-10703, Rycon LLC, Case No. 24-10704, IC Technologies Inc., Case No. 24-10705 and ICON Flying Club, LLC, Case No. 24-10706. **All further pleadings and other papers shall be filed, and all further docket entries shall be made, in Case No.**

31475476.4

**24-10703, and such docket should be consulted for all matters affecting these chapter 11 cases.**

## Background of the Debtors

7. The Debtors are an aircraft design and manufacturing company focused on the creation of consumer-friendly, safe, and technologically advanced aircrafts that make the adventure of flying more accessible to mainstream consumers. The Debtors' flagship production aircraft—the ICON A5—is an amphibious sport plane.

8. On the date hereof (the "Petition Date"), each of the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

9. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the First Day Declaration, incorporated herein by reference.

## Basis for Relief

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."[2] Bankruptcy Local Rule 1015-1 similarly provides for joint administration of chapter 11 cases when the facts demonstrate that joint administration "is warranted and will ease the administrative burden for the Court and the parties."[3] In these chapter

---

[2] Fed. R. Bankr. P. 1015(b).

[3] Del. Bankr. L.R. 1015-1.

31475476.4

11 cases, the Debtors are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Court has the authority to grant the relief requested herein.

11. In addition, section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]."[4]

12. As further detailed in the First Day Declaration, given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of the order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

13. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Notice

14. Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) the holders of the thirty (30) largest unsecured claims against the Debtors; (c) the DIP Secured Parties; (d) the

---

[4] 11 U.S.C. § 105(a).

31475476.4

United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the state attorneys general for states in which the Debtors conduct business; and (g) any other party entitled to notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

31475476.4

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated: April 4, 2024
Wilmington, Delaware

*/s/ Ashley E. Jacobs*

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br>Sean M. Beach (No. 4070)<br>Ashley E. Jacobs (No. 5635)<br>Jared W. Kochenash (No. 6557)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone:   (302) 571-6600<br>Facsimile:    (302) 571-1253<br>Email:          sbeach@ycst.com<br>                     ajacobs@ycst.com<br>                     jkochenash@ycst.com | **SIDLEY AUSTIN LLP**<br>Samuel A. Newman (*pro hac vice* pending)<br>350 S. Grand Avenue<br>Los Angeles, CA 9007<br>Telephone:   (213) 896-6000<br>Facsimile:    (213) 896-6600<br>Email:          sam.newman@sidley.com<br><br>*and*<br><br>Charles Persons (*pro hac vice* pending)<br>Jeri Leigh Miller (*pro hac vice* pending)<br>2021 McKinney Avenue, Suite 2000<br>Dallas, TX 75201<br>Telephone:   (214) 981-3300<br>Facsimile:    (214) 981-3400<br>Email:          cpersons@sidley.com<br>                     jeri.miller@sidley.com<br><br>*and*<br><br>Nathan Elner (*pro hac vice* pending)<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone:   (212) 839-5300<br>Facsimile:    (212) 839-5599<br>Email:          nelner@sidley.com |

*Proposed Counsel for the Debtors and Debtors in Possession*

31475476.4

**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ICON AIRCRAFT, INC.,<br><br>            Debtor.<br><br>Tax I.D. No. 20-5147443 | Chapter 11<br><br>Case No. 24-10703 (TMH) |
| In re:<br><br>RYCON LLC<br><br>            Debtor.<br><br>Tax I.D. No. 47-5365297 | Chapter 11<br><br>Case No. 24-10704 (TMH) |
| In re:<br><br>IC TECHNOLOGIES INC.<br><br>            Debtor.<br><br>Tax I.D. No. 37-1747918 | Chapter 11<br><br>Case No. 24-10705 (TMH) |
| In re:<br><br>ICON FLYING CLUB, LLC<br><br>            Debtor.<br><br>Tax I.D. No. 30-1146101 | Chapter 11<br><br>Case No. 24-10706 (TMH)<br><br>**Ref. Docket No. ___** |

### ORDER AUTHORIZING THE JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

Upon consideration of the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing the joint administration of the Debtors' chapter 11 cases for procedural purposes only and (b) granting related relief, each as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.); and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is GRANTED as set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 24-10703.

3. The caption of the jointly administered cases should read as follows:

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

31475476.4

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ICON AIRCRAFT, INC., *et al.*,[1] | Case No. 24-10703 (TMH) |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: ICON Aircraft, Inc. (7443), Rycon LLC (5297), IC Technologies Inc. (7918), and ICON Flying Club, LLC (6101). The Debtors' service address is 2141 ICON Way, Vacaville, CA 95688.

4. The foregoing caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code.

5. A docket entry, substantially similar to the following, shall be entered on the docket of each of these chapter 11 cases (except for ICON Aircraft, Inc.) to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing the joint administration of the chapter 11 cases of: ICON Aircraft, Inc., Case No. 24-10703, Rycon LLC, Case No. 24-10704, IC Technologies Inc., Case No. 24-10705, and ICON Flying Club, LLC, Case No. 24-10706. **All further pleadings and other papers shall be filed, and all further docket entries shall be made, in Case No. 24-10703, and such docket should be consulted for all matters affecting these chapter 11 cases.**

6. One consolidated docket, one file, and one consolidated service list shall be maintained by the Debtors and kept by the clerk of the Court with the assistance of the notice and claims agent retained by the Debtors in these chapter 11 cases.

7. Nothing in the Motion or this Order is intended or shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Debtors' estates.

31475476.4

8. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

31475476.4

4