## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ICON AIRCRAFT, INC., *et al.*,[1] | Case No. 24-10703 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Docket Ref. Nos. 83, 101, 191, 203 & 204** |

### ORDER APPROVING DESIGNATION OF
### STALKING HORSE AND GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion"),[2] of the Debtors in the above-captioned chapter 11 cases (these "Chapter 11 Cases"), seeking, pursuant to sections 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1, and 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), an order (this "Order") approving the Debtors' designation of the SG Investment America, Inc. (the "Stalking Horse Bidder") as the stalking horse bidder and the Asset Purchase Agreement, attached hereto as **Exhibit 1** (the "Stalking Horse APA"), as the stalking horse bid (the "Stalking Horse Bid"); and

---

[1]     The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: ICON Aircraft, Inc. (7443); Rycon LLC (5297); IC Technologies Inc. (7918); and ICON Flying Club, LLC (6101).  The Debtors' service address is 2141 ICON Way, Vacaville, CA 95688.

[2]     Capitalized terms not otherwise defined in this Order shall have the meanings given to them in the *Debtors' Motion for Entry of (I) an Order (A) Approving Certain Bidding Procedures and the Form and Manner of Notice Thereof, (B) Scheduling an Auction and a Hearing on the Approval of the Sale of All or Substantially All of the Debtors' Assets, (C) Establishing Certain Assumption and Assignment Procedures and Approving the Manner of Notice Thereof, and (D) Granting Related Relief; and (II) an Order (A) Authorizing and Approving the Debtors' Entry into an Asset Purchase Agreement, (B) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Encumbrances, (C) Approving the Assumption and Assignment of the Assumed Contracts, and (D) Granting Related Relief* [Docket No. 83] (the "Motion") or the Bidding Procedures, as applicable.

this Court having reviewed the Motion, the *Notice of Filing of Stalking Horse Supplement* [Docket No. 101] (the "Stalking Horse Supplement") and any objections filed thereto; and this Court having considered the statements of counsel, the First Day Declaration, the Gupta Declaration filed in support of the Motion, and the revised Order and Stalking Horse Bid; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT**:[3]

A.      This Court has jurisdiction over this matter and over the property of the Debtors and their bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).  The statutory predicates for the relief sought herein are sections 105 and 363of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9014.  Venue of these Chapter 11 Cases and this matter is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The Debtors have offered good and sufficient reasons for, and the best interest of their estates will be served by, this Court authorizing, but not directing, the Debtors to designate the Stalking Horse Bidder on the terms set forth in the Stalking Horse APA, all in accordance with the *Order (A) Approving Certain Bidding Procedures and the Form and Manner of Notice Thereof, (B) Scheduling an Auction and a Hearing on the Approval of the Sale of all or Substantially All of the Debtors' Assets, (C) Establishing Certain Assumption and Assignment Procedures and*

---

[3]     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.  All findings of fact and conclusions of law announced by the Court at the Bidding Procedures Hearing are hereby incorporated herein to the extent not inconsistent herewith.

*Approving the Manner of Notice Thereof, and (D) Granting Related Relief* [Docket No. 191] (the "Bidding Procedures Order").

C.      Notice of the designation of the Stalking Horse Bidder was (a) appropriate and reasonably calculated to provide all interested parties with timely and proper notice; (b) in accordance with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; and (c) adequate and sufficient under the circumstances of these Chapter 11 Cases, such that no other or further notice is required. A reasonable opportunity to be heard regarding the relief provided herein has been afforded to all interested persons and entities.

D.      The Debtors have properly filed and noticed the approval of the Stalking Horse Bidder. The issuance and immediate effectiveness of this Order as of the date hereof is supported by evidence of compelling business justifications and other circumstances demonstrating that the relief granted by this Order is necessary to prevent immediate and irreparable harm to the Debtors and their estates.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Debtors are authorized, but not directed, to designate the Stalking Horse Bidder on the terms set forth in the Stalking Horse Bid.

2.      The Debtors are authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to enter into and perform under the Stalking Horse APA, subject to the solicitation of higher or otherwise better offers and the entry of the Sale Order. The Stalking Horse APA is authorized and approved, substantially in the form attached hereto as **Exhibit 1**, as the Stalking Horse Bid. The Stalking Horse Bidder shall be deemed a Qualified Bidder, and the

Stalking Horse Bid shall be deemed a Qualified Bid, for all purposes under the Bidding Procedures Order.

3.      The Stalking Horse APA shall be binding and enforceable on the parties thereto in accordance with its terms and subject to entry of the Sale Order.  The failure to describe specifically or include any provision of the Stalking Horse APA in the Stalking Horse Supplement or herein shall not diminish or impair the effectiveness of such provision as to such parties.

4.      Notwithstanding anything to the contrary in this Order, including the authorizations in paragraph 3 above, the approval of the Sale of the Assets (whether to the Stalking Horse Bidder or any other party) remains subject to the Court's approval of the Sale and entry of the Sale Order. All parties' rights related to the Sale and entry of the Sale Order, including but not limited to the Derivative Litigation Plaintiffs'[4] rights to object to the Sale based on the Stalking Horse Bidder's or any other bidder's insider status, are fully preserved.

5.      All objections to the entry of this Order or to the relief provided herein that have not been withdrawn, waived, resolved, or settled are hereby denied and overruled.

6.      The requirements set forth in Local Rules 6004-1 and 9013-1 are hereby satisfied, modified, or waived.

7.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), 6006(d), 7052 or 9014, this Order shall be immediately effective and enforceable upon its entry.  All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.      This Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

---

[4]     "Derivative Litigation Plaintiff" shall have the meaning ascribed to it in the *Verified Statement of Paul, Weiss, Rifkind, Wharton & Garrison LLP and Landis Rath & Cobb LLP Pursuant to Federal Rules of Bankruptcy Procedure 2019* [Docket No. 111].

4

**Dated: May 18th, 2024**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY**
**JUDGE**