IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ICON AIRCRAFT, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-10703 (CTG)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 320** |

**NOTICE OF DEPOSITION OF ASSET MANAGEMENT COMPANY
VENTURE FUND, L.P. IN CONNECTION WITH MOTION TO LIFT STAY**

PLEAS TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, as made applicable to this proceeding by Rule 7030 of the Federal Rules of Bankruptcy Procedure, and the corresponding Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, ICON Aircraft, Inc., along with its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases ("Debtors"), by their attorneys, will take the deposition upon oral examination of Asset Management Company Venture Fund, L.P. ("AMCVF") in its capacity as one of the members of the ad hoc group of derivative litigation plaintiffs, through one or more officers, directors, or managing agents, or other representatives with respect to all information known or reasonably available to it concerning each topic identified in the attached **Exhibit A** (the "Topics").  The Debtors request that AMCVF provide written notice at least (3) business days before the deposition of the name(s) and position(s) of the individual(s) designated to testify on AMCVF's behalf.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: ICON Aircraft, Inc. (7443); Rycon LLC (5297); IC Technologies Inc. (7918); and ICON Flying Club, LLC (6101).  The Debtors' service address is 2141 ICON Way, Vacaville, CA 95688.

31816514.1

PLEASE TAKE FURTHER NOTICE that the deposition shall commence on a time and date mutually agreed upon by the Debtor and AMCVF on **July 15, 2024 or July 16, 2024**, and shall continue thereafter until the deposition has been completed. The deposition will be conducted telephonically and via videoconference using Zoom-enabled videoconferencing solutions. A secure link to the conference will be provided by email to all participants in advance of the deposition. The deposition will be taken before a notary public or other duly qualified officer authorized to administer oaths. The deposition will be recorded stenographically and may also be recorded by audiovisual means.

[*Signature page to follow*]

Dated: July 5, 2024
Wilmington, Delaware

*/s/ S. Alexander Faris*

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br>Sean M. Beach (No. 4070)<br>Ashley E. Jacobs (No. 5635)<br>S. Alexander Faris (No. 6278)<br>Jared W. Kochenash (No. 6557)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone:   (302) 571-6600<br>Facsimile:   (302) 571-1253<br>Email:   sbeach@ycst.com<br>   ajacobs@ycst.com<br>   afaris@ycst.com<br>   jkochenash@ycst.com | **SIDLEY AUSTIN LLP**<br>Samuel A. Newman (admitted *pro hac vice*)<br>1999 Avenue of the Stars, Floor 19<br>Los Angeles, California 90067<br>Telephone:   (310) 595-9500<br>Facsimile:   (310) 595-9501<br>Email:   sam.newman@sidley.com<br><br>*and*<br><br>Charles Persons (admitted *pro hac vice*)<br>Jeri Leigh Miller (admitted *pro hac vice*)<br>2021 McKinney Avenue, Suite 2000<br>Dallas, Texas 75201<br>Telephone:   (214) 981-3300<br>Facsimile:   (214) 981-3400<br>Email:   cpersons@sidley.com<br>   jeri.miller@sidley.com<br><br>*and*<br><br>Nathan Elner (admitted *pro hac vice*)<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone:   (212) 839-5300<br>Facsimile:   (212) 839-5599<br>Email:   nelner@sidley.com |

*Counsel for the Debtors and Debtors in Possession*

31816514.1

**Exhibit A**

**Definitions**

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1. COMMUNICATION/COMMUNICATIONS. The terms "COMMUNICATION" and "COMMUNICATIONS" shall mean any contact, transmission, or exchange of information between two or more persons, orally or in writing (including, but not limited to, any conversation or discussion, whether by chance or prearranged, formal or informal, face-to-face or by telephone, telegraph, telex, telecopier, electronic mail or other media).

2. DEBTORS. The term "DEBTORS" shall mean ICON Aircraft, Inc., Rycon LLC, IC Technologies Inc., and ICON Flying Club, LLC.

3. DERIVATIVE CLAIMS. The term "DERIVATIVE CLAIMS means the claims and causes of action set forth in the Second Amended Verified Complaint filed in *Asset Mgmt. Co. Venture Fund, L.P., et al. v. Shanghai Pudong Science & Tech. Inv. Co., Ltd.*, Case No. 2021-0475-JTL (Del. Ch. Ct. June 4, 2021).

4. DLPS. The term "DLPS" shall mean the Derivative Litigation Plaintiffs, as such term is defined the *Verified Statement of Paul, Weiss, Rifkand, Wharton & Garrison LLP and Landis Roth & Cobb LLP Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Docket No. 111].

5. DOCUMENT/DOCUMENTS. The terms "DOCUMENT" and "DOCUMENTS" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A) and shall additionally encompass any COMMUNICATIONS.

6. EXPERT WITNESS. The term "EXPERT WITNESS" means any witness

31816514.1

expected to present evidence at the HEARING under Federal Rule of Evidence 702, 703, or 705, as well as under Federal Rule of Civil Procedure 26, or any other expert retained in preparation for the HEARING even without the intention to produce a report or testify.

7. MOTION. The term "MOTION" shall mean *Motion of the Derivative Litigation Plaintiffs for Immediate Stay Relief and Authorization to Continue Prosecuting the Derivative Claims in Delaware Chancery Court* [Docket No. 320]..

8. YOU/YOUR. The terms "YOU" and "YOUR" shall mean the parties receiving this notice of deposition, the DLPS, and any party acting on the behalf of or under the control of any of the foregoing, including any attorney professionals, officers, directors, employees, agents, representatives, sub-contractors, parents, subsidiaries, affiliates, predecessors, or successors.

31816514.1

**Instructions**

1. Pursuant to Federal Rule 30(b)(6), made applicable in these proceedings by Bankruptcy Rule 7030, You are directed to designate the person or persons to testify on Your behalf about information known or reasonably available to You regarding the Topics.

2. You shall set forth, for each person designated, the matters on which the person will testify.

3. The person(s) so designated shall testify as to information known or reasonably available to You regarding the Topics.

4. The following rules of construction shall apply to this Notice of Deposition.

   a. The terms "any" and "all" mean "any and all" where the effect of such construction is to broaden the scope of the Topic.

   b. The conjunctions "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Topic all responses that might otherwise be construed to be outside the scope.

   c. The term "including" means "including, but not limited to," and is intended to provide examples of information that is subject to examination pursuant to a given Topic. Such examples are not intended to be exhaustive of the information sought and shall not, in any way, be read to limit the scope of the Topic.

   d. The singular includes the plural and vice versa.

   e. The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense as necessary to bring within the scope of these Matters for Examination any information that might otherwise be construed to be outside their scope.

## RULE 30(b)(6) Deposition Topics

1. All allegations set forth in the MOTION.

2. Any allegations raised in any hearing held on the MOTION.

3. Any facts set forth in the Debtors' motion to adjourn and objection relating to the MOTION.

4. The value of the DERIVATIVE CLAIMS and all facts supporting such valuation and the methods used to reach such valuation.

5. Any litigation funding the DLPS have identified or otherwise obtained in connection with the prosecution of the DERIVATIVE CLAIMS.

6. Any litigation financing the DLPS have identified or otherwise obtained in connection with the prosecution of the DERIVATIVE CLAIMS.

7. Any support for the DLPS' contention that equity holders, including the DLPS, are the fulcrum creditors in these chapter 11 cases.

8. The likelihood of success on the DERIVATIVE CLAIMS and the collectability of any judgment thereto.

9. Any potential recoveries on account of the DERIVATIVE CLAIMS.

10. Fee arrangements for the prosecution of the DERIVATIVE CLAIMS.