IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SEAPLANE DEBTOR 1, INC., *et al.*,[1] | Case No. 24-10703 (CTG) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 542 |

**NOTICE OF FILING OF <u>EXHIBIT 1</u> TO *PROPOSED* ORDER,
PURSUANT TO SECTIONS 105(A) AND 363(B) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 9019, APPROVING THE SETTLEMENT REGARDING
CERTAIN DISPUTES WITH THE DERIVATIVE LITIGATION PLAINTIFFS**

**PLEASE TAKE NOTICE** that, on October 11, 2024, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion for Entry of an Order, Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, Approving the Settlement Regarding Certain Disputes with the Derivative Litigation Plaintiffs* [Docket No. 542] (the "Motion")[2] with the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, attached as Exhibit A to the Motion was a proposed form order (the "Proposed Order"). The Settlement Term Sheet was to be attached as Exhibit 1 to the Proposed Order; however, the Debtors inadvertently excluded the Settlement Term Sheet when filing the Motion. As such, attached hereto as **Exhibit 1** is a copy of the Settlement Term Sheet. For the avoidance of doubt, all exhibits referenced in the Settlement Term Sheet were filed with the Motion and are therefore excluded from the Settlement Term Sheet attached hereto.

[*Signature Page Follows*]

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Seaplane Debtor 1, Inc. (f/k/a ICON Aircraft, Inc.) (7443); Seaplane Debtor 2, Inc. (f/k/a IC Technologies Inc.) (7918); Seaplane Debtor 3, LLC (f/k/a ICON Flying Club, LLC) (6101); and Seaplane Debtor 4, LLC (f/k/a Rycon LLC) (5297). The Debtors' service address is c/o Armanino LLP, 231 Market Place, Suite 373, San Ramon, CA 94583-4743, Attn: Thomas McCabe, Chief Restructuring Officer.

[2] Capitalized terms used but not otherwise defined herein shall have their meanings given to them in the Motion.

32244845.1

Dated: October 11, 2024
Wilmington, Delaware

/s/ Ashley E. Jacobs

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br>Sean M. Beach (No. 4070)<br>Ashley E. Jacobs (No. 5635)<br>S. Alexander Faris (No. 6278)<br>Jared W. Kochenash (No. 6557)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone:  (302) 571-6600<br>Facsimile:  (302) 571-1253<br>Email:  sbeach@ycst.com<br>  ajacobs@ycst.com<br>  afaris@ycst.com<br>  jkochenash@ycst.com | **SIDLEY AUSTIN LLP**<br>Samuel A. Newman (admitted *pro hac vice*)<br>1999 Avenue of the Stars, Floor 19<br>Los Angeles, California 90067<br>Telephone:  (310) 595-9500<br>Facsimile:  (310) 595-9501<br>Email:  sam.newman@sidley.com<br><br>*and*<br><br>Jeri Leigh Miller (admitted *pro hac vice*)<br>2021 McKinney Avenue, Suite 2000<br>Dallas, Texas 75201<br>Telephone:  (214) 981-3300<br>Facsimile:  (214) 981-3400<br>Email:  jeri.miller@sidley.com<br><br>*and*<br><br>Nathan Elner (admitted *pro hac vice*)<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone:  (212) 839-5300<br>Facsimile:  (212) 839-5599<br>Email:  nelner@sidley.com |

*Counsel for the Debtors and Debtors in Possession*

# Exhibit 1

**Settlement Term Sheet**

*Seaplane Debtor 1, Inc. et al.,*
**Case No. 24-10703-CTG (Bankr. D. Del.)**

### Claim Assignment Term Sheet

The following is a summary (this "Term Sheet") of material terms of a proposed transaction (the "Settlement") between the Debtors (as defined below) and the Derivative Litigation Plaintiffs[1] together with the Debtors, the "Parties") in the jointly administered cases styled *In re Seaplane Debtor 1, Inc. et al.*, Case No. 24- 10703-CTG (Bankr. D. Del.), which are pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

THIS PROPOSAL SHALL BE BINDING ON THE PART OF THE DEBTORS AND THE DERIVATIVE LITIGATION PLAINTIFFS SUBJECT TO BANKRUPTCY COURT APPROVAL. THIS PROPOSAL IS SUBJECT TO DEFINITIVE DOCUMENTATION ACCEPTABLE TO THE PARTIES AS SET FORTH HEREIN.

| **Parties** | Seaplane Debtor 1, Inc. (f/k/a ICON Aircraft, Inc.) ("ICON"), Seaplane Debtor 2, Inc. (f/k/a IC Technologies Inc.), Seaplane Debtor 3, LLC (f/k/a ICON Flying Club, LLC), and Seaplane Debtor 4, LLC (f/k/a Rycon LLC) (collectively, the "Debtors"); |
| --- | --- |
| | Any estate representative (e.g., liquidating trustee or plan administrator); |
| | The Derivative Litigation Plaintiffs; and |
| | Any successors or assigns of any of the foregoing. |
| **The Derivative Litigation** | On June 4, 2021, certain shareholders, directors, and former officers of ICON filed a lawsuit in the Delaware Court of Chancery (the "Derivative Litigation" and the claims asserted therein, the "Derivative Litigation Claims") against ICON, ICON's president, and certain other directors of ICON (specifically, Xudong Zhu, Min Zhang, Xiaoying Fan, and Yongjun Li).[2] The Derivative Litigation was pending as of the petition date. |
| | The Derivative Litigation Claims and other causes of action of the respective estates arising from the same set of underlying facts and circumstances are collectively referred to herein as the "Litigation Claims". |

---

[1] As used herein, the term "Derivative Litigation Plaintiffs" has the meaning set forth in the Verified Statement of Paul, Weiss, Rifkind, Wharton & Garrison LLP and Landis Rath & Cobb LLP Pursuant to Federal Rule of Bankruptcy Procedure 2019 [Docket No. 111].

[2] *See Asset Mgmt. Co. Venture Fund, L.P., et al. v. Shanghai Pudong Science & Tech. Inv. Co., Ltd.*, Case No. 2021- 0475-JTL (Del. Ch. Ct. June 4, 2021).

32244746.1

| | |
|---|---|
| **Settlement** | The Debtors shall sell the Derivative Litigation Claims (as defined herein) to the Derivative Litigation Plaintiffs pursuant to a private assignment under section 363 of the Bankruptcy Code (the "<u>Derivative Claims Assignment</u>") on the terms and conditions set forth herein.<br><br>If the Derivative Claims Assignment fails to close for reasons other than a Debtor Fiduciary Pivot (as defined herein), then the Parties shall support confirmation of a liquidating chapter 11 plan, in substantially the form and substance as that attached as <u>Exhibit A</u> hereto, under which the Derivative Litigation Claims are assigned to a litigation trust under the plan (the "<u>Agreed Plan</u>").  The Derivative Litigation Plaintiffs shall have until Noon (ET) on October 26, 2024 to decide whether to sponsor the Agreed Plan in an amount and on the terms and conditions satisfactory to the Parties; provided that any sponsorship may be financed by funding secured by litigation proceeds or otherwise entitled to a first right of recovery from the litigation proceeds.<br><br>If the Derivative Litigation Plaintiffs sponsor the Agreed Plan, the Agreed Plan shall provide that the litigation trust and the litigation trustee may not settle, compromise, release, dismiss or otherwise transfer the Derivative Litigation Claims without the express, written consent of a majority of the litigation trust oversight board.  The Derivative Litigation Plaintiffs shall appoint the majority of the litigation trust oversight board, which may include any of the Derivative Litigation Plaintiffs. For the avoidance of doubt, the litigation trust oversight board shall not have consent rights or any other form of authority over the disposition of any claims or causes of action other than the Derivative Claims, including any claims against Kirk Hawkins.<br><br>If the Derivative Litigation Plaintiffs do not sponsor the Agreed Plan, then the Agreed Plan shall provide that (a) the Debtors and Derivative Litigation Plaintiffs shall appoint a mutually acceptable Litigation Trustee; (b) the Litigation Trust and the Litigation Trustee shall not be subject to an oversight board; (c) the Derivative Litigation Plaintiffs shall have consultation rights over any settlement, release, transfer or other disposition of the Derivative Litigation Claims; and (d) all Convenience Class Claims shall be treated as Class 5 General Unsecured Claims and the Convenience Class shall be eliminated.<br><br>If the Debtors (a) file any chapter 11 plan other than the Agreed Plan without the prior written consent of the Derivative Litigation Plaintiffs (which may be provided by counsel thereto, and via e-mail) or (b) pursue any transaction, any motion, |

32244746.1

2

|  | pleading, or public disclosure seeking to release, settle, transfer or otherwise encumber or impact in any respect the Derivative Litigation Claims, in whole or in part, without the prior written consent of the Derivative Litigation Plaintiffs (either (a) or (b), a "Debtor Fiduciary Pivot"), then:<br><br>i. The Debtor Fiduciary Pivot shall be deemed a material breach of the Settlement and the Debtors shall pay to the Derivative Litigation Plaintiff liquidated damages in the amount of $500,000;<br><br>ii. The Debtor Pivot shall be deemed a material breach of the Settlement and the Derivative Litigation Plaintiffs may immediately terminate the Settlement without any further notice or action, and the obligations of the Derivative Litigation Plaintiffs to pursue an Agreed Plan or Derivative Litigation Claims Assignment shall be null and void; and<br><br>iii. The Derivative Litigation Plaintiffs' rights to object to or otherwise challenge the Debtor Fiduciary Pivot are fully reserved.<br><br>The Debtors shall provide the Derivative Litigation Plaintiffs with no less than one (1) Business Days advance notice of such Debtor Fiduciary Pivot. The Debtors agree not to solicit a transaction resulting in a Debtor Fiduciary Pivot from any of the PDSTI Defendants or their related parties and shall maintain this term sheet in confidence until the 9019 Filing Date; however, after the 9019 Filing Date, shall be free to discuss any such transaction in response to any outreach (whether written or oral) from any of the PDSTI Defendants or their related parties.<br><br>Before the Debtors file any pleading with the Bankruptcy Court seeking approval of any Debtor Fiduciary Pivot, the Parties may agree to mediate a consensual global settlement with the counterparties to the alternative transaction and such other entities to which the Parties may agree, in which case the Derivative Litigation Plaintiffs will agree to suspend their termination rights until such mediation concludes or is terminated by the participants. |
|---|---|
| **Derivative Claims Assignment** | On or before Noon (ET) on October 26, 2024, ClaimCo, LLC ("ClaimCo") may elect to receive an assignment, and the Debtors shall, subject to Court authority, assign and convey all |

32244746.1

3

| | of their rights and interests in the Derivative Litigation Claims to ClaimCo in exchange for the Purchase Consideration.<br><br>The Purchase Consideration shall consist of:<br><br>- $2.5 million in Cash of which shall fund the Convenience Class[3] and the wind down of the Chapter 11 estates; and<br><br>- Assumption of the Claims set forth in <u>Exhibit B</u> attached hereto (the "<u>Assumed Claims</u>")[3] on terms mutually acceptable to each such claimant and ClaimCo or such other treatment with respect to the Assumed Claims as agreed between the Debtors and the Derivative Litigation Plaintiffs; *provided,* (a) Assumed Claims shall include all claims held by the Derivative Litigation Plaintiffs, their counsel, and entities affiliated therewith, other than any Claims filed by Kirk Hawkins; and (b) Assumed Claims shall not include any claims filed by Shanghai Shunxin Enterprise Management Consulting Co., Ltd.<br><br>ClaimCo shall not assume any of the Claims set forth in <u>Exhibit C</u> (the "<u>Excluded Claims</u>") or <u>Exhibit D</u>, (the "<u>Convenience Class Claims</u>") attached hereto.<br><br>The Parties shall use commercially reasonable efforts to cause the Derivative Claims Assignment to close (the "<u>Assignment Closing</u>") on or before the effective date (the "<u>Effective Date</u>") of the Agreed Plan, which date may be extended from time to time with the mutual consent of the Parties, not to be unreasonably withheld.<br><br>It shall be a condition precedent to the Assignment Closing that the following be provided for in Definitive Documentation and/or the Agreed Plan, as applicable:<br><br>- Parties shall make reasonable best efforts to preserve insurance coverage for the benefit of Litigation Claims;<br><br>- The Agreed Plan provides that the Litigation Claims shall be sold or be assigned to the Litigation Trust as of the effective date of the Agreed Plan; and |
|---|---|

---

[3] "<u>Convenience Class</u>" shall mean Holders of General Unsecured Claims filed in an amount of $100,000 or less or who otherwise elect to receive recovery in the Convenience Class.

| | |
|---|---|
| | • The Parties shall agree to provisions necessary to ensure the non-release of Litigation Claims. |
| **Litigation Trust Toggle** | The Derivative Litigation Plaintiffs shall consent to, vote for and otherwise support the Agreed Plan.<br><br>The Debtors shall support and take all steps reasonably necessary and desirable to implement and consummate the confirmation of the Agreed Plan in accordance with the terms herein. |
| **Releases** | The Derivative Litigation Plaintiffs and their Related Parties (excluding Kirk Hawkins) shall be Released Parties under the Plan. |
| **Bankruptcy Matters** | Regardless of whether the Assignment Closing occurs, or the 9019 Motion is approved, unless the Assignment Closing does not occur or the 9019 Motion is not approved because of a Debtor Fiduciary Pivot, the definitive Settlement documentation shall:<br><br>• Resolve all Plan and disclosure statement objections among the Parties;<br><br>• Resolve standing to prosecute Derivative Litigation Claims; and<br><br>• Provide that all Derivative Litigation Plaintiffs shall vote in favor and fully support the Agreed Plan.<br><br>If the Assignment Closing does not occur or the 9019 Motion is not approved because of a Debtor Fiduciary Pivot, than the Derivative Litigation Plaintiffs may terminate the Settlement and exercise such rights as otherwise set forth in this Agreement related thereto. |
| **Settlement Approval and Effective Date** | The Debtors shall file a motion (a "<u>9019 Motion</u>") with the Bankruptcy Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking approval of this Settlement and the Derivative Claims Assignment (the date of such filing, the "<u>9019 Motion Filing Date</u>").<br><br>Prior to the filing of the 9019 Motion, the Parties shall stipulate in writing that all active litigation related to the various motions and objections filed by the Derivative Litigation Plaintiffs in the Chapter 11 Cases be suspended until the earlier |

32244746.1

| | |
|---|---|
| | of (a) the Assignment Closing or confirmation of the Agreed Plan and (b) termination of the Settlement. |
| **No Admission of Liability** | Notwithstanding anything to the contrary herein, none of the Parties admit to any wrongdoing, liability, fact, fault, assertions, or illegality, each of which is expressly denied by the Parties. This Settlement is entered into to resolve, settle, and compromise disputed matters so as to avoid the cost, expense, and effort associated with continuing the dispute. Nothing contained herein or in the *Joint Chapter 11 Plan of Liquidation for ICON Aircraft, Inc. and its Debtor Affiliates* (as amended, modified, or supplemented, the "Plan"), the disclosure statement relating thereto (the "Disclosure Statement"), or any other related document shall be construed or used as an admission to any wrongdoing, liability, fact, fault, assertion, or illegality by any of the Parties, each of which is expressly denied. |
| **Bankruptcy Court Approval** | The Parties agree to affirmatively support the entry of the 9019 Order and shall not object to or otherwise hinder or delay any efforts to obtain approval of the 9019 Order. |
| | Upon entry of the 9019 Order, this Term Sheet and the Settlement incorporated herein shall be binding on all Parties (and their successors and assigns), the plan administrator, and all parties in interest, including any chapter 7 trustee. |
| **Dispute Resolution** | The Parties agree that any dispute, claim, action, suit, or controversy arising out of or relating to this Term Sheet or the performance thereof, interpretation or validity thereof, including actions for equitable relief, declaratory relief, or anticipatory breach, and any alleged material breach of a material term of the Term Sheet shall be resolved by the Bankruptcy Court, which shall have exclusive jurisdiction over matters related this Term Sheet. |
| **Governing Law** | This Term Sheet shall be governed by and construed in accordance with the laws of the State of New York, regardless of law that might otherwise govern under any conflicts of law principles. |
| **Counterparts** | This Term Sheet may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. |

32244746.1