IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SEAPLANE DEBTOR 1, INC., *et al.*,[1] | Case No. 24-10703 (CTG) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF WELLS FARGO BANK, N.A. TO THE FOURTH AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION FOR SEAPLANE DEBTOR 1, INC. (F/K/A ICON AIRCRAFT, INC.) AND ITS DEBTOR AFFILIATES**

Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its undersigned attorney, hereby files this limited objection (the "Limited Objection") to the *Fourth Amended Joint Chapter 11 Plan of Seaplane Debtor 1, Inc. (f/k/a ICON Aircraft, Inc.) and its Debtor Affiliates* (the "Plan") [Docket No. 579]. In support of this Limited Objection, Wells Fargo respectfully states as follows:

**FACTUAL BACKGROUND**

1. On April 4, 2024, ICON Aircraft, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (this "Court"), thereby commencing the above-captioned jointly administered chapter 11 cases (collectively, the "Chapter 11 Cases").

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Seaplane Debtor 1, Inc. (f/k/a ICON Aircraft, Inc.) (7443); Seaplane Debtor 2, Inc. (f/k/a IC Technologies Inc.) (7918); Seaplane Debtor 3, LLC (f/k/a ICON Flying Club, LLC) (6101); and Seaplane Debtor 4, LLC (f/k/a Rycon LLC) (5297). The Debtors' service address is c/o Armanino LLP, 231 Market Place, Suite 373, San Ramon, CA 94583-4743, Attn: Thomas McCabe, Chief Restructuring Officer.

55692500 v1

**The WellsOne Commercial Card Agreement**

2. Wells Fargo and the Debtor are parties to that certain WellsOne Commercial Card Agreement dated February 3, 2014 (the "Card Agreement").

3. In accordance with the Card Agreement, Wells Fargo issued credit cards (the "Purchasing Cards") to certain authorized cardholders (who are employees, officers or authorized representatives of the Debtor). Pursuant to the Card Agreement and related documents, the Debtor is obligated to repay Wells Fargo for all charges and fees incurred pursuant to the program incurred under the Card Agreement and/or from use of the Purchasing Cards.

4. As security for the Debtor's obligations to Wells Fargo, the Debtor executed a Security Agreement: Specific Rights to Payment (the "Security Agreement") dated April 24, 2014, whereby the Debtor granted Wells Fargo a security interest in a Certificate of Deposit Account number xxxxx4773 (the "Credit Card Reserve Account"). Wells Fargo's security interest is perfected by control per Uniform Commercial Code § 9-104(a)(1) since Wells Fargo is the secured creditor and depository bank, and is entitled to first priority per Uniform Commercial Code § 9-327(3). The balance of the Credit Card Reserve Account is approximately $250,000.

5. Additionally, pursuant to the Security Agreement, the "Debtor shall pay to Bank immediately upon demand the full amount of all payments, advances, charges, costs and expenses, including reasonable attorneys' fees…expended or incurred by the Bank…in connection with any bankruptcy proceeding…." *See* Security Agreement, ¶ 15.

**The Debtors' Plan**

6. The Plan does not specifically mention Wells Fargo's security interest in the Credit Card Reserve Account.

7. However, Article IV.E.3. of the Plan and paragraph 83 of the proposed confirmation order (filed at D.I. 578) provide that property of the Debtors' estates will vest in in the "respective Debtor or Litigation Trust, as applicable, free and clear of all . . . Liens, encumbrances, charges and other interests." *See* D.I. 578, ¶ 83.

8. Furthermore, Article IX.F. of the Plan does contain a "Release of Liens" which generally provides that

> Except as otherwise provided herein or in any contract, instrument, release, or other agreement or document created pursuant to the Plan, on the Effective Date, and concurrently with the applicable distributions made pursuant to the Plan, all . . . Liens, pledges, or other security interests against property of the Estates shall be fully released and discharged, and all of the rights, title, and interest of any Holder of such . . . Liens, pledges, or other security interests shall revert to the Debtors and their successors and assigns.

Plan, Article IX.F.

## **LIMITED OBJECTION**

9. Wells Fargo interprets the Plan as treating Wells Fargo as a holder of an Other Secured Claim (as defined in the Plan) for outstanding obligations under the Card Account, including the Attorneys' Fees. However, in an abundance of caution, Wells Fargo files this objection to preserve its rights, including its security interests in the Credit Card Reserve Account pending satisfaction of its secured claim.

10. Wells Fargo has been in discussions with the Debtors regarding agreed language (via Stipulation or addition to the Confirmation Order) to confirm that, notwithstanding the "Release of Liens" provision in the Plan, Wells Fargo's security interests are preserved pending satisfaction of its secured claims. Wells Fargo expects that the discussions will continue in advance of the hearing, but files this Limited Objection in order to preserve its rights.

11.	Accordingly, Wells Fargo objects to the extent that the Plan does not comply with the requirements for confirmation, including under Section 1129(b)(2)(A) (requiring that secured creditors retain the liens that secure their claims).

WHEREFORE, Wells Fargo respectfully requests that the Court sustain its Limited Objection and enter other such and further relief as the Court deems just and proper.

Dated: October 30, 2024	**BURR & FORMAN LLP**

*/s/ J. Cory Falgowski*
J. Cory Falgowski (No. 4546)
222 Delaware Avenue, Suite 1030
Wilmington, DE 19801
Telephone: 302-830-2312
Email: jfalgowski@burr.com

*Counsel to Wells Fargo Bank, N.A.*