## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SEAPLANE DEBTOR 1, INC., *et al.*,[1] | Case No. 24-10703 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Related D.I.**: 579 |

### LIMITED OBJECTION AND RESERVATION OF RIGHTS OF SG INVESTMENT AMERICA, INC. TO CONFIRMATION OF THE FOURTH AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION FOR SEAPLANE DEBTOR 1, INC. (F/K/A ICON AIRCRAFT, INC.) AND ITS  DEBTOR AFFILIATES

SG Investment America, Inc. ("SGIA" or "Purchaser")[2], through its undersigned counsel, hereby files this limited objection and reservation of rights (this "Limited Objection") to the Fourth Amended Joint Chapter 11 Plan of Liquidation for Seaplane Debtor 1, Inc. (f/k/a Icon Aircraft, Inc.) and Its Debtor Affiliates (the "Plan") [D.I. 579], and in support of this Limited Objection, respectfully states:

### BACKGROUND

1.      SGIA purchased substantially all assets from the Debtors (the "Sale") for $15.79 million (the "Purchase Amount"), plus the assumption of certain liabilities, in accordance with the Order of this Court entered June 18, 2024 [D.I. 296] (the "Sale Order") which approved the terms of the Asset Purchase Agreement between the Debtors and the Purchaser dated as of May 1, 2024 (as may be amended, modified, or supplemented, the "APA").  Upon information and belief, the

---

[1]      The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are: ICON Aircraft, Inc. (7443); Rycon LLC (5297); IC Technologies Inc. (7918); and ICON Flying Club, LLC (6101). The Debtors' service address is 2141 ICON Way, Vacaville, CA 95688.

[2]      Unless otherwise defined, all terms in this Limited Objection have the meaning given to them in the Fourth Amended Joint Chapter 11 Plan of Liquidation for Seaplane Debtor 1, Inc. (f/k/a Icon Aircraft, Inc.) and Its Debtor Affiliates.

bulk of the Purchase Amount remains in the Debtors' possession and comprises the majority of the Debtors' assets under the Plan. *See* Plan, Art. I.A. 78[3], 91[4].

2.      The Sale closed on June 26, 2024 (the "Closing Date").

3.      The Sale included inventory and other personal property of the Debtors, with material value, located at Blvd Corredor Tijuana-Rosarito 2000, #15202, int. MT-7, CP 22330, Tijuana, Baja California, Mexico (the "Purchased Tijuana Assets"), pursuant to a Manufacturing Services Agreement (the "MSA") dated August 4, 2016, between the Debtor, IC Technologies Inc., and Co-Production International, Inc. ("CPI"). A copy of the MSA is attached hereto as Exhibit A.

4.      CPI's Mexican subsidiary, Co-Production de Tijuana SA de CV ("CPI Tijuana"), leases the premises where the Purchased Tijuana Assets are located. Upon information and belief, the landlord does not currently deny SGIA access to the premises.

5.      Pursuant to Exhibit F of the Asset Purchase Agreement, the value of the Purchased Tijuana Assets as of February 29, 2024, was $6,198,307.00.

6.      On July 3, 2024, the Debtors filed a motion to reject all executory contracts with CPI (the "Rejection Motion"), including the MSA, with a rejection date of June 27, 2024. The Rejection Motion did not include any requirement that CPI allow access to the Tijuana facility to remove the Purchased Tijuana Assets.

---

[3] Defining "Net Sale Proceeds" as "(a) the remaining net proceeds from the Sale (after giving effect to payment of any closing costs, Cure amounts, and other expenses, including taxes, as may have previously been agreed to between the Purchaser and the Debtors in the Asset Purchase Agreement; minus ***(b) the amounts necessary to satisfy or reserve for (i) Allowed Administrative Claims***, including DIP Claims, Professional Fee Claims, Priority Tax Claims, and Statutory Fees, (ii) Other Secured Claims, (iii) Other Priority Claims, and (iv) the Wind-Down Budget; provided, that any amounts reserved but not used for subclauses (i) through (iv) above shall revert back to the Net Sale Proceeds." *Id.* (emphasis added).

[4] Defining "Plan Assets" as "(a) the Net Sale Proceeds; and (b) the net proceeds from the recovery from the Retained Causes of Action, if any."

53298982.5 10/31/2024

7.      Nevertheless, the MSA requires CPI to allow the Debtors' employees, contractors, agents, and representatives full access to the Tijuana facility and prohibits CPI or CPI Tijuana from denying such access to the Debtors. *See* MSA § 2.6.

8.      The MSA further requires CPI to return equipment, machinery, and other assets purchased on behalf of the Debtors upon written request or upon termination of the MSA.

9.      Upon information and belief, since the Closing Date, CPI has denied SGIA access to the Tijuana facility to remove the Purchased Tijuana Assets, to the material detriment of SGIA.

10.     Since the Closing Date, upon information and belief, CPI has taken action to cause its employees to organize and block access to the Tijuana facility, and to commence litigation in Tijuana for unjustified dismissal to seek an order for the provisional seizure of assets located at the Tijuana facility, which assets, upon information and belief, are the Purchased Tijuana Assets.

11.     Since being denied access to the Tijuana facility to retrieve the Purchased Tijuana Assets, SGIA has hired Mexico counsel and communicated with CPI's principals in an effort to reach a resolution to induce CPI to turn over the Purchased Tijuana Assets.

12.     SGIA also has had ongoing discussions with the Debtors over the past week about these issues, and they are aware of SGIA's intention to file a motion to enforce the Sale Order shortly if efforts to reach a consensual resolution are unsuccessful.  They likewise are aware that SGIA intended to file the instant limited objection and reservation of rights concurrent with the parties' discussions.

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

13.     Article IV, Section M of the Plan states: "Notwithstanding anything to the contrary herein, nothing in this Plan shall affect, impair, or supersede the Sale Orders or Sale Documents, each of which remains in full force and effect and governs in the event of any inconsistency with the Plan." *See* Plan, Art. IV, § M.

14.     Accordingly, SGIA requires additional protections in the confirmation order to preserve all claims SGIA may have against the Debtors, their bankruptcy estate, CPI, and any other parties after confirmation, related to the Debtors' failure to provide SGIA access to the Tijuana Assets.

15.     SGIA respectfully requests that any plan confirmation order include the following provision:

> **Non-Release and Reservation of Rights for SG Investment America, Inc**.: The Purchaser shall not be deemed a "Releasing Party" under the Plan, and nothing in this Confirmation Order, the Plan, the Sale Order, or related documents shall be construed to release, waive, limit, or impact any causes of action, claims, rights, or remedies that the Purchaser holds against Co-Production International, Inc. ("CPI") and its subsidiaries, the Debtors, the Liquidation Trust, or any Related Parties of the foregoing, relating to the personal property located at Tomas Alva Edison Industrial Park, Blvd Corredor Tijuana-Rosarito 2000, #15202, int. MT-7, CP 22330, Tijuana, Baja California, Mexico (the "Purchased Tijuana Assets"). The Purchaser retains all rights to pursue, inter alia, causes of action or claims against CPI, the Debtors, and any other parties (including any Related Parties thereto) for damages, loss, or liability related to the retention or handling of the Purchased Tijuana Assets and further reserves all rights to seek recovery from the Net Sale Proceeds for any damages or claims arising from the conditions surrounding the Purchased Tijuana Assets. The Administrative Claims Reserve established under this Plan shall segregate or escrow sufficient cash assets totaling $6,198,307.00 regarding Purchaser's claims discussed herein (in addition to any other amounts the Debtors deem necessary to reserve for other Allowed Administrative Claims), based on the value of the Purchased Tijuana Assets as outlined in Exhibit F of the Asset Purchase Agreement. This amount shall remain in place solely

4

for Purchaser's benefit until the Purchaser's claims for damages related to the Purchased Tijuana Assets are fully resolved. Following confirmation, the Debtors and any successor-in-interest or trustee shall reasonably cooperate with the Purchaser concerning these claims.

## CONCLUSION

For these reasons, SGIA respectfully requests that the Court sustain this Limited Objection and include the proposed Non-Release and Reservation of Rights provision in the confirmation order to protect SGIA's claims related to the Purchased Tijuana Assets, along with any further relief the Court deems appropriate.

Dated:  October 31, 2024
Wilmington, Delaware

**SAUL EWING LLP**

*/s/ Evan T. Miller*
Evan T. Miller (DE Bar No. 5364)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
evan.miller@saul.com
(302) 421-6864

-and-

Deborah L. Fletcher *(admitted pro hac vice)*
**FISHERBROYLES, LLP**
6000 Fairview Rd, Suite 1200,
Charlotte, NC 28210
MAIL:  338 Sharon Amity Road, #518
            Charlotte, NC 28211
deborah.fletcher@fisherbroyles.com
(704) 442 7263

*Counsel to SGIA*