**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SEAPLANE DEBTOR 1, INC., *et al.*,[1] | Case No. 24-10703 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Related Docket No. 599** |
| | **Proposed Hearing Date: November 4, 2024 at 2:00 p.m. (ET)** |
| | **Proposed Obj. Deadline: November 4, 2024 at 2:00 p.m. (ET)** |

**EMERGENCY MOTION OF PDSTI TO (I) ADJOURN THE HEARING SCHEDULED FOR NOVEMBER 4, 2024 OR CONVERT THE HEARING SCHEDULED FOR NOVEMBER 4, 2024 TO A STATUS CONFERENCE; AND (II) OBJECTION OF PDSTI TO MOTION FOR EXTENSION OF TIME TO FILE CONFIRMATION BRIEF**

PK Investment Co., Ltd., PK Capital L.P., Pudong Science and Technology Investment (Cayman) Co. Ltd., and Unimax Asset Holdings Ltd (collectively, "PDSTI"), by and through their undersigned counsel, files this emergency motion and objection (this "Emergency Motion") (i) seeking to (a) adjourn the hearing scheduled for November 4, 2024 at 2:00 p.m. (ET) (the "November 4 Hearing"); or (b) in the alternative, to convert the November 4 Hearing to a status hearing pursuant to 11 U.S.C. § 105(d); and (ii) objecting to the *Debtors' Motion for Entry of an Order Granting the Debtors (I) Leave to Exceed Page Limit Requirements with Respect to Debtors' Memorandum of Law in Support of Confirmation and Replies to Confirmation and 9019*

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are: Seaplane Debtor 1, Inc. (f/k/a ICON Aircraft, Inc.) (7443); Seaplane Debtor 2, Inc. (f/k/a IC Technologies Inc.) (7918); Seaplane Debtor 3, LLC (f/k/a ICON Flying Club, LLC) (6101); and Seaplane Debtor 4, LLC (f/k/a Rycon LLC) (5297). The Debtors' service address is c/o Armanino LLP, 231 Market Place, Suite 373, San Ramon, CA 94583-4743, Attn: Thomas McCabe, Chief Restructuring Officer.

*Motion Objections and (II) Leave and Permission to File Debtors' Memorandum of Law in Support of Confirmation and Replies to Confirmation and 9019 Motion Objections* [D.I. 599] (the "Motion for Leave"). In support thereof, PDSTI states the following:

## BACKGROUND

1. The Debtors filed their original liquidating plan in this case on May 13, 2024. *See* [D.I. 196]. On June 3, 2024, the Debtors filed an amended liquidating plan and disclosure statement. *See* [D.I. 243]. That same day, the Court entered the *Order (I) Conditionally Approving the Disclosure Statement, (II) Scheduling the Combined Hearing, (III) Establishing Notice and Objection Procedures for Confirmation of Plan and Final Approval of Adequacy of Disclosures, (IV) Establishing Solicitation, Voting, and Related Procedures, (V) Approving Related Dates, Deadlines, and Procedures, and (VI) Granting Related Relief* [D.I. 248] (the "Solicitation Order"). Though the Solicitation Order set voting and objection deadlines, counsel to the Debtors agreed to extend these deadlines for PDSTI to a mutually agreed upon date.

2. At the hearing before the Court on October 1, 2024, counsel to the Debtors represented that a revised plan and settlement motion were going to be filed in "the upcoming days." On October 9, 2024, the Debtors adjourned the Confirmation Hearing until November 4, 2024 at 2:00 p.m. (ET). *See* D.I. 540. On October 11, 2024 that the Debtors filed the *Debtors' Motion for Entry of an Order, Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, Approving the Settlement Regarding Certain Disputes with the Derivative Litigation Plaintiffs* (the "Settlement Motion") [D.I. 542], Settlement Term Sheet [D.I. 544], *Third Amended Joint Chapter 11 Plan of Liquidation for Seaplane Debtor 1 Inc. (F/K/A ICON Aircraft, Inc.) and Its Debtor Affiliates* [D.I. 543] (the "Third Amended Plan"), and accompanying blackline [D.I. 545].

3. The deadline to object to the Settlement Motion was set for October 28, 2024 at 4:00 p.m. (ET). *See* D.I. 542-1. The deadline for PDSTI to object to the Fourth Amended Plan was October 28, 2024 at 4:00 p.m.[2] PDSTI timely filed *PDSTI's Omnibus Objection to (I) Debtors' Motion for Entry of an Order, Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, Approving the Settlement Regarding Certain Disputes with the Derivative Litigation Plaintiffs and (II) Confirmation of the Debtors' Third Amended Joint Chapter 11 Plan of Liquidation* [D.I. 584] (the "PDSTI Objection").

4. On October 28, 2024, the Debtors filed the following documents: (i) *Fourth Amended Joint Chapter 11 Plan of Liquidation for Seaplane Debtor 1, Inc. (F/K/A Icon Aircraft, Inc.) and its Debtor Affiliates* (the "Fourth Amended Plan") [D.I. 579] and accompanying blackline [D.I. 580]; (ii) the *Notice of Filing of Proposed Confirmation Order* [D.I. 578]; (iii) the *Declaration of Thomas M. McCabe in Support of Confirmation of the Fourth Amended Joint Chapter 11 Plan of Liquidation for Seaplane Debtor 1, Inc. (F/K/A ICON Aircraft, Inc.) and its Debtor Affiliates* [D.I. 582]; and (iv) the *Declaration of Thomas G. Fitzgerald, Independent Director and Sole Member of the Special Committee of the Board of Directors of Chapter 11 Plan of Liquidation for Seaplane Debtor 1, Inc. and its Debtor Affiliates, in Support of Approval of the Disclosure Statement on a Final Basis and Confirmation of the Fourth Amended Joint Chapter*

---

[2] On October 17, 2024, counsel to the Debtors stated that the deadline for PDSTI to vote on and object to the Fourth Amended Plan would be October 23, 2024 at 4:00 p.m. Counsel to PDSTI responded that because the Settlement Motion and Fourth Amended Plan were so intertwined, the objection deadline should be October 28, 2024 at 4:00 p.m. (ET). Counsel to the Debtors noted that pursuant to Paragraph 8 of the Solicitation Order, the Debtors were required to file their confirmation brief and supporting declarations five business days prior to the confirmation hearing. Counsel to PDSTI responded that the Debtors were giving PDSTI less than 14 days to respond to significant changes to the plan in violation of Bankruptcy Rule 2002(b). Counsel to the Debtors agreed to PDSTI's objection and voting deadline of October 28, 2024 at 4:00 p.m.

3

*11 Plan of Liquidation for Seaplane Debtor 1, Inc. (F/K/A ICON Aircraft, Inc.) and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [D.I. 583].

5. On November 1, 2024, *i.e.*, <u>one business day before the November Hearing</u>, the Debtors filed: (i) *Debtors' Memorandum of Law in Support of Approval of the Disclosure Statement on a Final Basis and Confirmation of the Fourth Amended Joint Chapter 11 Plan of Liquidation for Seaplane Debtor 1, Inc. (F/K/A ICON Aircraft, Inc.) and its Debtor Affiliates and Omnibus Reply to Objections to Confirmation and 9019 Motion* [D.I. 598] (the "<u>Confirmation Brief</u>"); and (ii) the Motion for Leave. Additionally, the Derivative Litigation Plaintiffs filed the *Motion of the Derivative Litigation Plaintiffs for Leave to File Late Joinder to the Memorandum of Law in Support of Approval of the Disclosure Statement on a Final Basis and Confirmation of the Fourth Amended Joint Plan of Liquidation for Seaplane Debtor 1, Inc. (F/K/A ICON Aircraft, Inc.) and its Debtor Affiliates and Omnibus Reply to Confirmation and 9019 Motion* [D.I. 601].

**RELIEF REQUESTED**

6. By this Emergency Motion, PDSTI requests that this Court enter an order (i) adjourning the November 4 Hearing or converting it to a status conference; and (ii) denying the Motion for Leave.

**ARGUMENT**

7. The Court should adjourn the November 4 Hearing or, alternatively, use the November 4 Hearing as a status conference, pursuant to 11 U.S.C. § 105(d), for several reasons.

8. <u>First</u>, as set forth in the PDSTI Objection, PDSTI made a superior offer for the Derivative Litigation Claims. Though PDSTI believed this offer to be superior to that of the Derivative Litigation Plaintiffs, it made subsequent offers on November 1 and November 2, 2024. The November 2, 2024 term sheet increased the offer price for the Derivative Litigation Claims

to $4 million. This offer is subject to no contingencies other than approval of the Court. The Debtors have a fiduciary duty to properly consider PDSTI's offer and not steamroll their way to a worse deal.

9.  <u>Second</u>, the Court should not consider confirmation of the Fourth Amended Plan at this time. Under the Fourth Amended Plan, the Derivative Litigation Plaintiffs have until November 25, 2024—*3 weeks after the confirmation hearing*—to decide whether they will purchase the Derivative Litigation Claims, sponsor the Fourth Amended Plan, or do nothing at all. Expected creditor recovery may drastically change depending which of these three options is selected—and, as of the time of this filing, PDSTI understands that the Derivative Litigation Plaintiffs have made no indication that they are prepared to fund anything. The Court should not consider confirmation of the Fourth Amended Plan while the Derivative Litigation Plaintiffs have yet to choose which option they will pursue. Put plainly, creditors simply have no idea what their recovery will be as of confirmation. Moreover, it is not at all clear that the Court is able to properly consider whether the confirmation requirements of 11 U.S.C. § 1129(a) are met so long as the Derivative Litigation Plaintiffs' election has not been made.

10. <u>Third</u>, undersigned counsel contacted counsel to the Derivative Litigation Plaintiffs indicating that PDSTI intended to examine a representative of the Derivative Litigation Plaintiffs at the November 4 Hearing. The scope of this examination is relevant to establishing which option the Derivative Litigation Plaintiffs would choose, as well as the selection of parties for inclusion on the lists of Excluded Claims and Assumed Claims (including why the Derivative Litigation Plaintiffs and their counsel are included on the Assumed Claims list). Counsel to the Derivative Litigation Plaintiffs indicated that no representative would be present at the November 4 Hearing. The Court should not go forward with consideration of the Fourth Amended Plan or Settlement

Motion without giving PDSTI the opportunity elicit the testimony of a representative of the Derivative Litigation Plaintiffs—which testimony PDSTI submits is relevant, if not necessary, to the Court's determination whether to confirm the Fourth Amended Plan.

11. **Fourth**, the timing of the Debtors' filings in this case are prejudicial. The Confirmation Brief was filed one business day before the November 4 Hearing. The Debtors essentially gave themselves nearly three business days to respond to the PDSTI Objection but all parties, as well as the Court, have one business day to consider the 67-page Confirmation Brief. Parties simply do not have sufficient time to respond given these filings. For this reason, the Motion for Leave should be denied or the hearing adjourned.

12. PDSTI understands the Debtors may feel they need to promptly move these Chapter 11 cases to completion. However, the Debtors' desire to move quickly cannot be at the expense of their duty to maximize the value of the estate for the benefit of creditors.[3] If the Debtors insist on moving forward with a plan that has numerous problems and contingencies, and are not inclined to meaningfully engage with PDSTI regarding its $4 million offer, perhaps these Chapter 11 cases have reached the point where due consideration must be given to whether creditors would fare better if the cases were converted to Chapter 7.

13. For these reasons, the Court should (i) either adjourn the November 4 Hearing or convert it to a status conference and (ii) deny the Motion for Leave.

---

[3] PDSTI is the largest creditor in these Chapter 11 Cases. No party has objected to PDSTI's claims or otherwise challenged PDSTI's claims.

**RESERVATION OF RIGHTS**

14. PDSTI reserves its rights to supplement this Emergency Motion and to otherwise oppose the Motion for Leave or to seek alternative relief at any time, including at the time of the hearing on such matters.

**CONCLUSION**

15. WHEREFORE, PDSTI respectfully requests that this Court enter an order granting the Emergency Motion, adjourning the November 4 Hearing to the currently scheduled omnibus hearing date of December 5, 2024 or such other date convenient for the Court and granting such other and further relief as this Court deems appropriate.

| | |
|---|---|
| Dated: November 3, 2024<br>Wilmington, Delaware | Respectfully submitted,<br><br>*/s/ Stephen J. Astringer*<br><br>**KOBRE & KIM LLP**<br>Jacob R. Kirkham (No. 5768)<br>Stephen J. Astringer (No. 6375)<br>600 North King Street, Suite 501<br>Wilmington, Delaware 19801<br>Telephone: (302) 518-6451<br>Facsimile: (302) 518-6461<br>jacob.kirkham@kobrekim.com<br>stephen.astringer@kobrekim.com<br><br>-and-<br><br>Daniel J. Saval (admitted *pro hac vice*)<br>800 Third Avenue<br>New York, New York 10022<br>Telephone: (212) 488-1259<br>Facsimile: (212) 488-1220<br>daniel.saval@kobrekim.com<br><br>*Counsel to Counsel to PK Investment Co., Ltd., PK Capital L.P., Pudong Science and Technology Investment (Cayman) Co. Ltd., and Unimax Asset Holdings Ltd.* |