IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SEAPLANE DEBTOR 1, INC., *et al.*,<br><br>Debtors. [1] | Chapter 11<br><br>Case No. 24-10703 (CTG)<br><br>(Jointly Administered)<br><br>Ref. No. 605 |

**DERIVATIVE LITIGATION PLAINTIFFS' OBJECTION
TO PDSTI'S EMERGENCY MOTION TO (I) ADJOURN THE HEARING
SCHEDULED FOR NOVEMBER 4, 2024 OR CONVERT THE HEARING
SCHEDULED FOR NOVEMBER 4, 2024 TO A STATUS CONFERENCE**

The Derivative Litigation Plaintiffs hereby submit this objection (the "Objection") to the *Emergency Motion of PDSTI to (I) Adjourn the Hearing Scheduled for November 4, 2024 or Convert the Hearing Scheduled for November 4, 2024 to a Status Conference; and (II) Objection of PDSTI to Motion for Extension of Time to File Confirmation Brief* (the "PDSTI Motion")[2] [Docket No. 605]. In support of this Objection and in opposition to the PDSTI Motion, the Derivative Litigation Plaintiffs hereby state as follows:

1. The Debtors and the Derivative Litigation Plaintiffs have worked extremely hard to bring these cases to a constructive and fair resolution. On the brink of the Debtors' confirming a Plan supported by nearly 99% of their non-insider secured creditors, PDSTI seeks to derail these

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Seaplane Debtor 1, Inc. (f/k/a ICON Aircraft, Inc.) (7443); Seaplane Debtor 2, Inc. (f/k/a IC Technologies Inc.) (7918); Seaplane Debtor 3, LLC (f/k/a ICON Flying Club, LLC) (6101); and Seaplane Debtor 4, LLC (f/k/a Rycon LLC) (5297). The Debtors' service address is c/o Armanino LLP, 231 Market Place, Suite 373, San Ramon, CA 94583-4743, Attn: Thomas McCabe, Chief Restructuring Officer.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Joinder of the Derivative Litigation Plaintiffs to the Debtors' Memorandum of Law in Support of Approval of the Disclosure Statement on a Final Basis and Confirmation of the Fourth Amended Joint Chapter 11 Plan of Liquidation for Seaplane Debtor 1, Inc. (f/k/a ICON Aircraft, Inc.) and Its Debtor Affiliates and Omnibus Reply to Objections and to Confirmation and 9019 Motion* (the "Joinder").

cases and strong-arm the Debtors into allowing it to settle pending litigation against it. The Court should reject this.

2. PDSTI advances a number of arguments as to why today's hearing should be adjourned and each fail. *First*, PDSTI argues that its offer is superior to the Settlement. For the reasons set forth in the Joinder, this is not true: PDSTI's offer is inferior and provides for no possibility of go-forward prosecution of the Derivative Litigation Claims, denying the Debtors' stakeholders the value of the estates' most valuable assets. PDSTI seeks to unilaterally settle pending litigation against it for close to nothing. Even more, the settlement reached paves the way for a confirmable plan of reorganization, as it resolved numerous issues with the Derivative Litigation Plaintiffs—issues that would spring back to life if the Debtors pivot to take PDSTI's competing offer, further impacting stakeholder recovery on account of delays and litigation costs.

3. Additionally, this argument rehashes arguments addressed in the objection filed by PDSTI to approval of the Settlement and does not bear on whether today's hearing can proceed as scheduled. PDSTI states that because it made its offer at the last second, the Debtors should be required to delay today's hearing to accept it; a system in which PDSTI's arguments were the rule would foster gamesmanship and allow bad actors to unilaterally interfere with confirmation or settlement processes at will, and cannot be countenanced.

4. *Second*, PDSTI grossly exaggerates the complexity of the Plan, fixating on the form and timing of the disposition of the Derivative Litigation Claims. This is a liquidating plan with two principal components: (A) cash remaining after the sale of all of the Debtors assets in June and (B) cash from the disposition of the Derivative Litigation Claims. PDSTI—and all parties-in-interest—have had the requisite information to evaluate the Plan since it was served for solicitation nearly five months ago. As set forth in the version of the Plan provided to stakeholders in

connection with this solicitation, it has at all times contemplated that an estate fiduciary would be charged with prosecuting the Derivative Litigation Claims for the benefit of the Debtors' stakeholders. PDSTI's fixation on the form and timing of the disposition of the Derivative Claims, which it asserts is relevant on the basis that "creditors simply have no idea what their recovery will be as of confirmation," thus misses the point.[3] For months, the Plan has provided for prosecution of the Derivative Claims *without* any incremental injection of cash; creditor recoveries relative to the projected recoveries disclosed in connection with solicitation of the Plan are enhanced by the Settlement, irrespective of the form of transaction entered into between the Derivative Litigation Plaintiffs and the Debtors.[4]

5. Here, PDSTI's true complaint is that the Debtors have rejected its last minute offer. These arguments were advanced in its objection to the 9019 Motion, which disclosed the material terms of the Settlement implemented through the Plan, and which was filed on full notice. These complaints, rehashed in the PDSTI Motion, are not grounds for additional unnecessary and costly delays.

6. *Third*, PDSTI's stated desire to examine a representative of the Derivative Litigation Plaintiffs smacks of gamesmanship. PDSTI claims that this examination is "relevant to establishing which option the Derivative Litigation Plaintiffs would choose, as well as the selection of parties for inclusion on the lists of Excluded Claims and Assumed Claims (including why the Derivative Litigation Plaintiffs and their counsel are included on the Assumed Claims list)."[5] PDSTI thus purportedly wishes to interrogate the structure of the Settlement, which was

---

[3] PDSTI Mot. ¶ 9.

[4] *Second Amended Joint Chapter 11 Plan of Liquidation for ICON Aircraft, Inc. and Its Debtor Affiliates* [Docket No. 243] Art. IV.D: "The responsibilities and authority of the Plan Administrator shall include . . . prosecuting the Retained Causes of Action, if any . . ."

[5] PDSTI Mot. ¶ 10.

disclosed on October 11th in connection with the filing of the 9019 Motion on full notice. Yet it was not until this past Friday, November 1st at 4:27 PM ET[6]—late in the afternoon of the business day *before* the confirmation hearing—that counsel to PDSTI sent an email inquiring as to who from the Derivative Litigation Plaintiffs planned to attend the confirmation hearing.[7] The simple answer was that none of the Derivative Litigation Plaintiffs had prior plans to attend (as counsel informed PDSTI). That PDSTI now claims that the hearing cannot proceed without testimony from the Derivative Litigation Plaintiffs should be rejected.

7. Finally, PDSTI's repeated complaints regarding time prejudice ring hollow. The Plan contemplates the liquidation of the Debtors' estates, which are comprised primarily of sale proceeds and estate causes of action. The distribution of the Debtors' limited liquid assets and the prosecution or assignment of these causes of action for the benefit of its stakeholders are straightforward transactions, and further delays serve only to further reduce the assets distributable to estate stakeholders. PDSTI's claims that it requires additional time to review a reply in support of a liquidation plan should be rejected.

### Reservation of Rights

8. The Derivative Litigation Plaintiffs expressly reserve the right to (a) amend or supplement this Objection and otherwise take any additional or further action with respect to the subject matter hereof, including appearing at the Confirmation Hearing, and (b) be heard before this Court to raise additional arguments or issues in connection therewith. Nothing herein is intended to nor shall be construed as a waiver or limitation of any of the rights or remedies of the Derivative Litigation Plaintiffs, all of which are fully preserved.

---

[6] See Exhibit A.

[7] There had been no prior correspondence on this topic, nor a subpoena, notwithstanding that PDSTI has had weeks since the filing of the 9019 Motion to seek to compel one of the Derivative Litigation Plaintiffs to appear at today's hearing.

Dated:  November 4, 2024
Wilmington, Delaware

/s/ *Joshua B. Brooks*
**LANDIS RATH & COBB LLP**
Richard S. Cobb (No. 3157)
Joshua B. Brooks (No. 6765)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email:  cobb@lrclaw.com
          brooks@lrclaw.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Jacob A. Adlerstein, Esq. (*pro hac vice*)
Jeffrey J. Recher, Esq. (*pro hac vice*)
Sean A. Mitchell, Esq. (*pro hac vice*)
Tyler F. Zelinger, Esq. (*pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990
Email: jadlerstein@paulweiss.com
          jrecher@paulweiss.com
          smitchell@paulweiss.com
          tzelinger@paulweiss.com

-and-

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Claudia R. Tobler, Esq. (*pro hac vice*)
2001 K. Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420
Email: ctobler@paulweiss.com

*Counsel to the Derivative Litigation Plaintiffs*