# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SEAPLANE DEBTOR 1, INC._, et al._,[1] | Case No. 24-10703 (CTG) |
| Debtors. | (Jointly Administered) |

**SUPPLEMENT TO PDSTI'S OMNIBUS OBJECTION TO
(I) DEBTORS' MOTION FOR ENTRY OF AN ORDER, PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, APPROVING THE SETTLEMENT REGARDING CERTAIN DISPUTES WITH THE DERIVATIVE LITIGATION PLAINTIFFS AND (II) CONFIRMATION OF THE DEBTORS THIRD AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION**

PK Investment Co., Ltd., PK Capital L.P., Pudong Science and Technology Investment (Cayman) Co. Ltd., and Unimax Asset Holdings Ltd. (collectively, "PDSTI"), by and through their undersigned counsel, respectfully submit this Supplement (the "Supplemental Objection") to _PDSTI's Omnibus Objection to (i) the Debtors' Motion for Entry of an Order, Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, Approving the Settlement Regarding Certain Disputes with the Derivative Litigation Plaintiffs and (ii) Confirmation of the Debtors Third Amended Joint Chapter 11 Plan of Liquidation_ (the "Omnibus Objection") [D.I. 584][2], which is incorporated herein in its entirety, and, in support thereof, states the following:

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are: Seaplane Debtor 1, Inc. (f/k/a ICON Aircraft, Inc.) (7443); Seaplane Debtor 2, Inc. (f/k/a IC Technologies Inc.) (7918); Seaplane Debtor 3, LLC (f/k/a ICON Flying Club, LLC) (6101); and Seaplane Debtor 4, LLC (f/k/a Rycon LLC) (5297). The Debtors' service address is c/o Armanino LLP, 231 Market Place, Suite 373, San Ramon, CA 94583-4743, Attn: Thomas McCabe, Chief Restructuring Officer.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Omnibus Objection.

**SUPPLEMENTAL OBJECTION**

1. The Debtors have decided to go forward with the Fourth Amended Plan and the Derivative Litigation Plaintiffs ("DLPs") have elected to pursue the so-called "Option 1." *See Notice of Derivative Litigation Plaintiffs' Election Under 9019 Order and Settlement Term Sheet* [D.I. 659]. For the reasons set forth in the Omnibus Objection, the Court should still deny confirmation of the Fourth Amended Plan. Given developments since the filing of the Omnibus Objection, the Court should deny confirmation of the Fourth Amended Plan for two additional reasons. First, the Debtors and DLPs have provided no evidence of feasibility or the ability to fund the proposed distributions – to the contrary, they have refused to provide any evidence to PDSTI. Second, if the DLPs are able to fully fund Option 1, they are paying all non-insider creditors in full. This means that there is no impaired accepting class and the Court cannot confirm the Fourth Amended Plan.

2. The Court considered approval of the Settlement Motion and confirmation of the Fourth Amended Plan on November 4, 2024 (the "November 4 Hearing") and November 5, 2024 (the "November 5 Hearing," and together with the November 4 Hearing, the "November Hearings"). However, because of a settlement proposal made by PDSTI following the November 4 Hearing, the Debtors sought to adjourn the Confirmation Hearing until the hearing scheduled for December 5, 2024 (the "December 5 Hearing"). The Debtors, nevertheless, insisted on going forward with respect to approval of the Settlement Motion (which PDSTI opposed, because the Settlement Motion and Fourth Amended Plan are inextricably intertwined). Put succinctly, according to the Debtors, the November 5 Hearing to consider the Settlement Motion was to approve the framework of a settlement with the DLPs which incorporate the terms of the DLPs' term sheet, *see* November 5 Hearing Transcript at 6:12-18, and approve a breakup fee, *see id.* at 8:8-13. According to the Debtors, this would set up two tracks – either (i) the DLPs would exercise

their Assignment Election by November 25, 2024 – which the parties called "Option 1" – and non-insider creditors would be paid in full; or (ii) the DLPs would not exercise the Assignment Election and the Debtors would go forward on a settlement with PDSTI for $4.5 million. Argument at the November 5 Hearing focused on the break-up fee and DLP releases. The Court thought that consideration of the DLPs ability to fund "Option 1" was appropriate in consideration of confirmation of the Fourth Amended Plan. *See* November 5 Hearing Transcript at 30:3-17 (acknowledging that PDSTI's rights to argue about the DLPs ability to fund Option 1 "are fully reserved").

3.      The Court ultimately approved the Settlement Motion and an order was entered.[3] *See Order, Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, Approving the Settlement* [D.I. 650].

4.      On November 27, 2024, the Debtors filed the *Notice of Derivative Litigation Plaintiffs' Election Under 9019 Order and Settlement Term Sheet* [D.I. 659]. This notice stated that the DLPs had elected the Derivative Claims Assignment (*i.e.*, Option 1).

5.      In connection with the DLPs' election, counsel to PDSTI asked for documents evidencing (i) the DLPs ability to fund; (ii) the amount the DLPs would be funding; (iii) which creditors would be paid in full;[4] and (iv) the terms of the assumption agreements with these creditors Counsel to the Debtors indicated that documents had been shared with them, but the

---

[3] At the November 5 Hearing, the Court instructed the DLPs and Debtors to share the form of order with PDSTI. PDSTI informed the Debtors that Paragraph 4 of the proposed order impermissibly limited the Debtors' ability to exercise their fiduciary duties if PDSTI made a higher and better offer. As such, the Debtors stated, in no uncertain terms, they would not consider an offer from PDSTI no matter the consideration.

[4] Counsel to PDSTI understands that the initial offer to holders of Assumed Claims was that they would voluntarily forego payment in full to participate in litigation against PDSTI. PDSTI understands that creditors who refused may be paid in full.

DLPs would not share them with PDSTI. And, as of the date of this filing, neither those documents nor any other evidence of the DLPs ability to fund have been filed with the Court. Accordingly, there is no evidence before the Court that the Fourth Amended Plan is actually feasible.[5] *See* 11 U.S.C. § 1129(a)(11). Specifically, there is ***zero*** evidence before the Court that the DLPs can fund the distributions necessary under the Fourth Amended Plan. *See contra In re Boy Scouts of Am. & Delaware BSA, LLC*, 650 B.R. 87, 121 (D. Del. 2023) (finding that funding was sufficient based on claims estimate).[6]

6. Additionally, the result of the DLP Option 1 election is that no actual impaired accepting class has voted to approve the Fourth Amended Plan. Pursuant to the Fourth Amended Plan, Classes 1, 2, and 4 are unimpaired and Classes 6, 7, 8, and 9 are impaired and deemed to reject the Fourth Amended Plan. Thus, only holders of claims in Class 3 (Noteholder Claims) and Class 5 (General Unsecured Claims) are entitled to vote on the Fourth Amended Plan. PDSTI holds claims in Class 3 and voted to reject the Fourth Amended Plan. *See Supplemental Declaration of Adam Fialkowski of Stretto, Inc. with Respect to the Tabulation of Votes on the Further Amended Joint Chapter 11 Plan of Liquidation for Seaplane Debtor 1, Inc. (F/K/A ICON Aircraft Inc.) and its Debtor Affiliates* [D.I. 594] (the "<u>Fialkowski Declaration</u>"). Therefore, the Debtors intend to effectuate a cramdown of the Fourth Amended Plan using Class 5. *See Debtors' Memorandum of Law in Support of Approval of the Disclosure Statement on a Final Basis and Confirmation of the*

---

[5] The Debtors amended the Fourth Amended Plan the same day PDSTI's Omnibus Objection to the Third Amended Plan was due. PDSTI explicitly reserved the right to object to revisions to the Fourth Amended Plan in its Omnibus Objection.

[6] Moreover, to the extent that the Fourth Amended Plan is reliant on claims against PDSTI, there is also ***zero*** evidence that it is feasible. *See In re Am. Cap. Equip., LLC*, 688 F.3d 145, 156 (3d Cir. 2012) ("A plan will not be feasible if its success hinges on future litigation that is uncertain and speculative, because success in such cases is only possible, not reasonably likely.").

*Fourth Amended Joint Chapter 11 Plan of Liquidation for Seaplane Debtor 1, Inc. (f/k/a ICON Aircraft, Inc.) and its Debtor Affiliates and Omnibus Reply to Objections to Confirmation and 9019 Motion* [D.I. 598].

7.    However, the Fialkowski Declaration, regarding plan voting, does not take into account the creation of Class 2 and that all but two of the votes tabulated in Class 5 should actually be in Class 2. *See* Exhibit A-2 to the Fialkowski Declaration. At the November 4 Hearing, Mr. Fialkowski testified that he had done no analysis on the effect of the creation of Class 2 on the voting results of Class 5. *See* November 4 Transcript at 170:11–171:5. Since the DLPs are proceeding by Option 1, all holders of claims in Class 5 (other than insiders) are allegedly being paid in full,[7] meaning Class 5 is not impaired. Therefore, the two votes of Class 5 in favor of the plan do not count towards tabulation as they are both on the list of Assumed Claims.[8] *See generally Solow v. PPI Enters. (U.S.) (In re PPI Enters. (U.S.), Inc.)*, 324 F.3d 197, 203–4 (3d Cir. 2003). Since there is no impaired accepting class, the Debtors cannot confirm the Fourth Amended Plan. *See* 11 U.S.C. § 1129(a)(10); *In re Hertz Corp.*, 120 F.4th 1181, 1200–1201 (3d Cir. 2024) (discussing impairment).

---

[7] *See* November 4 Transcript at 25:12–26:20 ("[I]t adds the ability for the DLPs to become owners of the claim in the event that they assume – and by 'assume,' I mean not just assume, but completely novate all the non-insider unsecured claims, so the rest of Class 5.").

[8] The Debtors and/or DLPs may argue that there are certain claims in Class 5 which are not Assumed Claims and thus Class 5 is actually impaired. However, even if this is true, then the Fourth Amended Plan violates Section 1123(a)(4) of the Bankruptcy Code. *See In re W.R. Grace & Co.*, 475 B.R. 34, 121 (D. Del. 2012) ("Federal caselaw construing [Section 1123(a)(4)] has interpreted equal treatment to mean that: (1) all class members must be subject to the same process for claim satisfaction; (2) all class members' claims must be of 'equal value' through the application of the same pro rata distribution or payment percentage procedures to all claims.") (internal citation omitted), *aff'd*, 729 F.3d 332 (3d Cir. 2013).

**CONCLUSION**

For the reasons set forth herein, PDSTI respectfully requests that the Court deny confirmation of the Fourth Amended Plan.

Dated: December 2, 2024
      Wilmington, Delaware

Respectfully submitted,

*/s/ Stephen J. Astringer*

**KOBRE & KIM LLP**
Jacob R. Kirkham (No. 5768)
Stephen J. Astringer (No. 6375)
600 North King Street, Suite 501
Wilmington, Delaware 19801
Telephone: (302) 518-6451
Facsimile: (302) 518-6461
jacob.kirkham@kobrekim.com
stephen.astringer@kobrekim.com

-and-

Daniel J. Saval (admitted *pro hac vice*)
800 Third Avenue
New York, New York 10022
Telephone: (212) 488-1259
Facsimile: (212) 488-1220
daniel.saval@kobrekim.com

*Counsel to Counsel to PK Investment Co., Ltd., PK Capital L.P., Pudong Science and Technology Investment (Cayman) Co. Ltd., and Unimax Asset Holdings Ltd.*