**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SEAPLANE DEBTOR 1, INC., *et al.*,[1] | Case No. 24-10703 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Docket Ref. Nos. 196, 238, 243, 340, 543 & 579** |

**NOTICE OF FILING OF SECOND AMENDED PLAN SUPPLEMENT**

**PLEASE TAKE NOTICE** that, on May 13, 2024, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed their *Joint Chapter 11 Plan of Liquidation for ICON Aircraft, Inc. and Its Debtor Affiliates* [Docket No. 196] (as may be amended, modified, or supplemented from time to time, the "Plan") with the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors filed amended versions of the Plan on May 31, 2024 [Docket No. 238], June 3, 2024 [Docket No. 243], October 11, 2024 [Docket No. 543], and October 28, 2024 [Docket No. 579].

**PLEASE TAKE FURTHER NOTICE** that, on July 3, 2024, the Debtors filed the *Notice of Filing of Plan Supplement* [Docket No. 340], and on October 28, 2024, the Debtors filed the *Notice of Filing of Amended Plan Supplement* [Docket No. 586] (as may be further amended, modified, or supplemented from time to time, the "Plan Supplement"). The Debtors reserved their rights to amend, modify, or supplement the Plan Supplement.

**PLEASE TAKE FURTHER NOTICE** that, except where indicated below, the Debtors have further amended, modified, or supplemented the documents and designations contained in the Plan Supplement.

| Exhibit | Plan Supplement Document | Amendments |
|---|---|---|
| A | Identity and Compensation of the Plan Administrator | No amendments, modifications, or supplements at this time. |
| B | Plan Administrator Agreement | No amendments, modifications, or supplements at this time. |
| C | Identity and Compensation of Insiders Employed by the Plan Administrator | No amendments, modifications, or supplements at this time. |

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Seaplane Debtor 1, Inc. (f/k/a ICON Aircraft, Inc.) (7443); Seaplane Debtor 2, Inc. (f/k/a IC Technologies Inc.) (7918); Seaplane Debtor 3, LLC (f/k/a ICON Flying Club, LLC) (6101); and Seaplane Debtor 4, LLC (f/k/a Rycon LLC) (5297). The Debtors' service address is c/o Armanino LLP, 231 Market Place, Suite 373, San Ramon, CA 94583-4743, Attn: Thomas McCabe, Chief Restructuring Officer.

| Exhibit | Plan Supplement Document | Amendments |
|---|---|---|
| D | List of Retained Causes of Action | Replaced with the revised version attached hereto as **Exhibit D** that incorporates the changes reflected in the blackline attached hereto as **Exhibit D-1**. |
| E | Litigation Trust Agreement | No amendments, modifications, or supplements at this time. |

**PLEASE TAKE FURTHER NOTICE** that the Debtors reserve all rights to amend, modify, or supplement the Plan Supplement, and any of the documents and designations contained therein, at any time before the Effective Date of the Plan, or any such other date as may be provided for by the Plan or by order of the Court.

**PLEASE TAKE FURTHER NOTICE** that the hearing at which the Court will consider, among other things, confirmation of the Plan (the "Confirmation Hearing") will be held on **December 5, 2024 at 2:00 p.m. (ET)** before the Honorable Craig T. Goldblatt, in the United States Bankruptcy Court for the District of Delaware, located at 824 N. Market Street, 3rd Floor, Courtroom No. 7, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE** that if you would like to obtain a copy of the Plan, the Plan Supplement, or related documents, you may obtain copies free of charge by (i) accessing the Debtors' restructuring website maintained by Stretto, Inc. (the "Voting Agent") at https://www.cases.stretto.com/iconaircraft; (ii) writing to Icon Aircraft, Inc. Ballot Processing Center c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, California 92602; (iii) calling the Debtors' restructuring hotline at (866) 993-1870 (Toll-Free) or (949) 892-1896 (International); or (iv) emailing TeamIconAircraft@stretto.com. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at https://www.deb.uscourts.gov/.

**ARTICLE IX** OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **SECTION IX.B.** CONTAINS A THIRD PARTY RELEASE. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE VOTING AGENT.**

Dated: December 4, 2024
Wilmington, Delaware

*/s/ S. Alexander Faris*

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** <br> Sean M. Beach (No. 4070) <br> Ashley E. Jacobs (No. 5635) <br> S. Alexander Faris (No. 6278) <br> Jared W. Kochenash (No. 6557) <br> Rodney Square <br> 1000 North King Street <br> Wilmington, Delaware 19801 <br> Telephone:  (302) 571-6600 <br> Facsimile:  (302) 571-1253 <br> Email:  sbeach@ycst.com <br>   ajacobs@ycst.com <br>   afaris@ycst.com <br>   jkochenash@ycst.com | **SIDLEY AUSTIN LLP** <br> Samuel A. Newman (admitted *pro hac vice*) <br> 1999 Avenue of the Stars, Floor 19 <br> Los Angeles, California 90067 <br> Telephone:  (310) 595-9500 <br> Facsimile:  (310) 595-9501 <br> Email:  sam.newman@sidley.com <br><br> *and* <br><br> Jeri Leigh Miller (admitted *pro hac vice*) <br> 2021 McKinney Avenue, Suite 2000 <br> Dallas, Texas 75201 <br> Telephone:  (214) 981-3300 <br> Facsimile:  (214) 981-3400 <br> Email:  jeri.miller@sidley.com <br><br> *and* <br><br> Nathan Elner (admitted *pro hac vice*) <br> 787 Seventh Avenue <br> New York, New York 10019 <br> Telephone:  (212) 839-5300 <br> Facsimile:  (212) 839-5599 <br> Email:  nelner@sidley.com |

*Counsel for the Debtors and Debtors in Possession*

## Exhibit A

**Identity and Compensation of the Plan Administrator**

**[No amendments, modifications, or supplements at this time]**

## Exhibit B

**Plan Administrator Agreement**

**[No amendments, modifications, or supplements at this time]**

**Exhibit C**

**Identity and Compensation of Insiders Employed by the Plan Administrator[1]**

**[No amendments, modifications, or supplements at this time]**

---

[1] The Plan Administrator has not yet selected a financial advisor. To the extent the Plan Administrator selects Armanino LLP, the Debtors hereby disclose Thomas M. McCabe.

## Exhibit D

**List of Retained Causes of Action**

## Schedule of Retained Causes of Action[1]

This schedule represents a non-exhaustive list of the Retained Causes of Action in connection with the Plan (subject to the terms thereof). The Debtors expressly reserve the right to alter, modify, amend, remove, augment, or supplement this Schedule of Retained Causes of Action at any time in accordance with the Plan.

For purposes of Article I, Section A of the Plan, notice is hereby given that "Retained Causes of Action" means all Causes of Action owned and/or belonging to the Debtors that are not waived, relinquished, exculpated, released, compromised, transferred, or settled under to the Plan or pursuant to a Final Order of the Bankruptcy Court, including but not limited to the following:[2]

1. All avoidance actions against any Person or Entity that is not a Released Party including, but not limited to, any and all avoidance, recovery, subordination, or other claims, actions, or remedies that may be brought by or on behalf of the Debtors or their estates or other authorized parties in interest under the Bankruptcy Code or applicable non-bankruptcy law, including actions or remedies under sections 502(d), 544, 545, 547, 548, 549, 550, 551, 553(b), and 724(a) of the Bankruptcy Code or under similar or related state or federal statutes and common law, including fraudulent transfer laws.

2. All Causes of Action against any Person or Entity, current and/or former officers, directors, stockholders, members, managers, employees, Affiliates, or insiders of the Debtors *except for* Causes of Action against Thomas FitzGerald as sole member of the Special Committee. Additionally, notwithstanding anything contained in the Plan or the Plan Supplement to the contrary, the following parties shall be Released Parties, and the Retained Causes of Action shall not include any Causes of Action against the following parties: (i) Larry Perkins; (ii) Jeremy Rosenthal; (iii) Asset Management Company Venture Fund, L.P.; (iv) The Northern Trust Company as Trustee of the Philip M. Condit IRA; (v) Snowcrest Partners, LLC; and (vi) Steen Strand.

3. All Causes of Action against (a) Xudong Zhu; (b) Min Zhang; (c) Xiaoying Fan; and (d) Jason Huang (collectively, the "Individual Defendants") arising from or related to, among other things, (i) the facts, circumstances, transactions, and occurrences that are the subject of that certain action currently pending before the Court of Chancery for the State of Delaware under caption *Asset Management Company Venture Fund, L.P. et al. v. Shanghai Pudong Science and Technology Investment Co., Ltd. et al.*, C.A. No. 2021-0475-JTL (the "Derivative Litigation"); and (ii) breaches of fiduciary duty (including, without limitation, duty of care, duty of loyalty, duty of oversight, and aiding and abetting any breaches of fiduciary duty), or any breaches of contract, each based on, relating to, or in any manner arising from, in whole or in part, any and all prepetition and postpetition dealings by and between any or all of the Individual Defendants and the Debtors, including:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Second Amended Joint Chapter 11 Plan of Liquidation for ICON Aircraft, Inc. and its Debtor Affiliates* [D.I. 243] (as may be amended, modified, or supplemented, the "Plan").

[2] The Debtors are in active efforts to resolve certain Claims and Causes of Action and reserve the right to eliminate Retained Causes of Action contained herein to the extent settled for fair value under court supervision.

31775253.7

(1) the management, ownership, or operation of the Debtors; (2) business or contractual arrangements; (3) intercompany transactions; (4) distributions, advances or any similar transactions; and (5) expense reimbursements.

4. All Causes of Action against (a) Shanghai Pudong Science and Technology Investment Co., Ltd.; (b) Pudong Science and Technology Investment (Cayman) Co., Ltd.; (c) PK Capital L.P.; (d) FEIREN International Co., Limited, (e) Shanghai Feike Technology Development Co., Ltd.; and (f) any Affiliates, subsidiaries or parties related to the parties set forth in (a) through (e) (each a "PDSTI Party" and collectively, the "PDSTI Parties") arising from or related to (i) the facts, circumstances, transactions, and occurrences that are the subject of the Derivative Litigation; (ii) breaches of fiduciary duty (including, without limitation, duty of care, duty of loyalty, duty of oversight, and aiding and abetting any breaches of fiduciary duty), or any breaches of contract, each based on, relating to, or in any manner arising from, in whole or in part, any and all prepetition and postpetition dealings by and between any or all of the PDSTI Parties and the Debtors, including: (1) the management, ownership, or operation of the Debtors; (2) business or contractual arrangements; (3) intercompany transactions; (4) distributions, advances or any similar transactions; and (5) expense reimbursements.

5. All Causes of Action against (a) Asset Management Company Venture Fund, L.P.; (b) Philip Condit; (c) Kirk Hawkins; (d) Snowcrest Partners; (e) Steen Strand and (f) any Affiliates, subsidiaries, or parties related to the parties set forth in (a) through (e), arising from or related to, among other things: (i) the facts, circumstances, transactions, and occurrences that are the subject of the Derivative Litigation; and (ii) breaches of fiduciary duty (including, without limitation, duty of care, duty of loyalty, duty of oversight, and aiding and abetting any breaches of fiduciary duty), or any breaches of contract, each based on or relating to, or in any manner arising from, in whole or in part, any and all prepetition and postpetition dealings with the Debtors, including: (1) the management, ownership, or operation of the Debtors; (2) business or contractual arrangements; (3) intercompany transactions; (4) distributions, advances or any similar transactions; and (5) expense reimbursements.

6. All Causes of Action against Co-Production International, Inc. arising from or related to, among other things: breaches of contract, each based on or relating to, or in any manner arising from, in whole or in part, any and all prepetition and postpetition dealings with the Debtors, including: (1) the management, ownership, or operation of the Debtors; (2) business or contractual arrangements; (3) intercompany transactions; (4) distributions, advances or any similar transactions; (5) the condition of the Debtors' assets; (6) labor and employment matters; and (7) expense reimbursements.

7. All Causes of Action against Persons or Entities (other than Released Parties) that are party to or that may in the future become party to litigation, arbitration, or any other type of adversarial proceeding or dispute resolution proceeding, whether formal or informal or judicial or nonjudicial, regardless of whether such entity is specifically identified in the Plan, except to the extent such entity is a Released Party.

8. All Causes of Action under section 510 of the Bankruptcy Code arising from or relating to any Claim, including but not limited to a Noteholder Claim for a prepetition funded debt obligation or a prepetition convertible note obligation, as applicable, of the Debtors.

9. Causes of Action related to any act or omission that is determined in a final order to have constituted fraud, willful misconduct, or gross negligence.

10. The right to seek a determination by the Bankruptcy Court of any tax, fine, or penalty relating to a tax or any addition to a tax, under section 505 of the Bankruptcy Code.

11. All other Causes of Action arising in contract or tort or under a statute, including but not limited to Claims or Causes of Action arising from or related to: (a) guarantees, indemnities, recoupment, or setoff; (b) failure to fully perform or to condition performance on additional requirements under contracts with the Debtors before the assumption or rejection, if applicable, of such contracts; (c) payments, deposits, holdbacks, reserves or other amounts owed by any creditor, utility, supplier, vendor, insurer, surety, factor, lender, bondholder, lessor or other party; and (d) counter-claims and defenses related to any contractual obligations.

12. All Causes of Action against any Person or Entity for recovery of, related to, or in connection with, the Debtors' accounts receivable.

13. All Causes of Action against any Person or Entity related to or in connection with equipment, machinery and other tangible personal property located at any location leased or formerly leased by the Debtors that is not a Real Property Lease (as defined in that certain Asset Purchase Agreement, dated May 1, 2024, between and among the Debtors and SG Investment America, Inc., which was approved by the Sale Order entered at D.I. 296 on June 18, 2024 (such Asset Purchase Agreement, the "APA")).

14. All Causes of Action against any Person or Entity arising under, related to, or in connection with Contracts not constituting Purchased Contracts (as such terms are defined in the APA).

15. All Causes of Action against any Person or Entity arising under, related to, or in connection with insurance policies or the proceeds thereof to which the Debtors have any rights whatsoever (including all current and prior director and officer or similar fiduciary or errors and omissions insurance policies and all rights thereunder), regardless of whether such contract or policy is specifically identified in the Plan, including, Causes of Action against insurance carriers, reinsurance carriers, insurance brokers, underwriters, occurrence carriers, or surety bond issuers relating to coverage, indemnity, contribution, reimbursement, or any other matters.

16. Any and all tax obligations to which the Debtors are a party or pursuant to which the Debtors have any rights to whatsoever, including, without limitation, the Debtors' tax credits (including all employee retention credits), tax refunds, value-add tax reimbursements, tax deposits, tax attributes (including all net operating loss carryforwards and carrybacks), and prepaid tax amounts.

31775253.7

3

17.     All Causes of Action of the Debtors against any Person or Entity, including without limitation the Purchaser, arising under or in connection with the APA, the sale of the Purchased Assets or any Ancillary Agreements (as such terms are defined in the APA) or the APA.

18.     All Causes of Action against any Person or Entity unrelated to the Purchased Assets (as defined in the APA).

19.     All Causes of Action against any Person or Entity arising under or in connection with all employee benefit plans, all assets of such employee benefit plans and all trust agreements, administrative service contracts, insurance policies and other Contracts related thereto and all rights of the Debtors with respect to any of the foregoing (as such terms are defined in the APA).

20.     All Causes of Action against or related to any Person or Entity that owes or that may in the future owe money to the Debtors, regardless of whether such entity is expressly identified in the Plan. The Debtors expressly reserve all Causes of Action against or related to any Person or Entity that asserts or may assert that the Debtors owe money to them. The claims and Causes of Action reserved include Causes of Action against vendors, suppliers of goods and services, or any other parties: (a) for overpayments, back charges, duplicate payments, improper holdbacks, deductions owing or improper deductions taken, deposits, warranties, guarantees, indemnities, recoupment, or setoff; (b) for wrongful or improper termination, suspension of services or supply of goods, or failure to meet other contractual or regulatory obligations; (c) for failure to fully perform or to condition performance on additional requirements under contracts with the Debtors before the assumption or rejection, if applicable, of such contracts; (d) for payments, deposits, holdbacks, reserves or other amounts owed by any creditor, utility, supplier, vendor, insurer, surety, factor, lender, bondholder, lessor or other party; (e) for any liens, including mechanics', artisans', materialmens', possessory or statutory liens held by the Debtor; (f) for counter-claims and defenses related to any contractual obligations; (g) for any turnover actions arising under Bankruptcy Code sections 542 or 543; and (h) for unfair competition, interference with contract or potential business advantage, breach of contract, infringement of intellectual property or any business tort claims.

21.     All Causes of Action based in whole or in part upon any and all postings of a security deposits, adequate assurance payment, or any other type of deposit, prepayment, or collateral, regardless of whether such posting of security deposit, adequate assurance payment, or any other type of deposit, prepayment or collateral is specifically identified herein.

22.     All Causes of Action based in whole or in part upon any and all liens regardless of whether such lien is specifically identified herein.

Pursuant to the Plan Administrator Agreement and Plan, the Plan Administrator, the Debtors, or the post-Effective Date Debtors, as applicable, may assert, pursue, litigate, investigate, prosecute, and/or compromise and settle the Retained Causes of Action, without further approval of the Bankruptcy Court or any other body.

**No entity may rely on the absence of a specific reference in the Plan, the Plan Supplement (including this Schedule of Retained Causes of Action), or the Plan Administrator Agreement to any Retained Causes of Action against it as any indication that the Plan Administrator will not, or may not, pursue any and all available Retained Causes of Action against it. The Plan Administrator, on behalf of the post-Effective Date Debtors, expressly reserves all rights to prosecute any and all and all Retained Causes of Action against any Person or Entity.**

Unless any Retained Causes of Action against an Person or Entity is expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or a Bankruptcy Court order, the Plan Administrator, on behalf of the post-Effective Date Debtors, expressly reserves all Retained Causes of Action for later adjudication, and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches shall apply to such Retained Causes of Action upon, after, or as consequence of, confirmation or consummation of the Plan. In accordance with section 1123(b)(3) of the Bankruptcy Code, any Retained Cause of Action that the post-Effective Date Debtors may hold against any Person or Entity shall vest in the Plan Administrator.

Notwithstanding any of the foregoing, the post-Effective Date Debtors expressly reserve all rights to raise any defenses, including, but not limited to, those related to setoff or other offsets in connection with filed proofs of claim under applicable law, including, but not limited to, section 502(d) of the Bankruptcy Code.

**Exhibit D-1**

**Blackline of Exhibit D**

**Schedule of Retained Causes of Action**[1]

This schedule represents a non-exhaustive list of the Retained Causes of Action in connection with the Plan (subject to the terms thereof). The Debtors expressly reserve the right to alter, modify, amend, remove, augment, or supplement this Schedule of Retained Causes of Action at any time in accordance with the Plan.

For purposes of Article I, Section A of the Plan, notice is hereby given that "Retained Causes of Action" means all Causes of Action owned and/or belonging to the Debtors that are not waived, relinquished, exculpated, released, compromised, transferred, or settled under to the Plan or pursuant to a Final Order of the Bankruptcy Court, including but not limited to the following:[2]

1. All avoidance actions against any Person or Entity that is not a Released Party including, but not limited to, any and all avoidance, recovery, subordination, or other claims, actions, or remedies that may be brought by or on behalf of the Debtors or their estates or other authorized parties in interest under the Bankruptcy Code or applicable non-bankruptcy law, including actions or remedies under sections 502(d), 544, 545, 547, 548, 549, 550, 551, 553(b), and 724(a) of the Bankruptcy Code or under similar or related state or federal statutes and common law, including fraudulent transfer laws.

2. All Causes of Action against any Person or Entity, current and/or former officers, directors, stockholders, members, managers, employees, Affiliates, or insiders of the Debtors *except for* Causes of Action against Thomas FitzGerald as sole member of the Special Committee. Additionally, notwithstanding anything contained in the Plan or the Plan Supplement to the contrary, the following parties shall be Released Parties, and the Retained Causes of Action shall not include any Causes of Action against the following parties: (i) Larry Perkins; (ii) Jeremy Rosenthal; (iii) Asset Management Company Venture Fund, L.P.; (iv) The Northern Trust Company as Trustee of the Philip M. Condit IRA; (v) Snowcrest Partners, LLC; and (vi) Steen Strand.

3. All Causes of Action against (a) Xudong Zhu; (b) Min Zhang; (c) Xiaoying Fan; and (d) Jason Huang (collectively, the "Individual Defendants") arising from or related to, among other things, (i) the facts, circumstances, transactions, and occurrences that are the subject of that certain action currently pending before the Court of Chancery for the State of Delaware under caption *Asset Management Company Venture Fund, L.P. et al. v. Shanghai Pudong Science and Technology Investment Co., Ltd. et al.*, C.A. No. 2021-0475-JTL (the "Derivative Litigation"); and (ii) breaches of fiduciary duty (including, without limitation, duty of care, duty of loyalty, duty of oversight, and aiding and abetting any breaches of fiduciary duty), or any breaches of contract, each based on,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Second Amended Joint Chapter 11 Plan of Liquidation for ICON Aircraft, Inc. and its Debtor Affiliates* [D.I. 243] (as may be amended, modified, or supplemented, the "Plan").

[2] The Debtors are in active efforts to resolve certain Claims and Causes of Action and reserve the right to eliminate Retained Causes of Action contained herein to the extent settled for fair value under court supervision.



relating to, or in any manner arising from, in whole or in part, any and all prepetition and postpetition dealings by and between any or all of the Individual Defendants and the Debtors, including: (1) the management, ownership, or operation of the Debtors; (2) business or contractual arrangements; (3) intercompany transactions; (4) distributions, advances or any similar transactions; and (5) expense reimbursements.

4.  All Causes of Action against (a) Shanghai Pudong Science and Technology Investment Co., Ltd.; (b) Pudong Science and Technology Investment (Cayman) Co., Ltd.; (c) PK Capital L.P.; (d) FEIREN International Co., Limited, (e) Shanghai Feike Technology Development Co., Ltd.; and (f) any Affiliates, subsidiaries or parties related to the parties set forth in (a) through (e) (each a "PDSTI Party" and collectively, the "PDSTI Parties") arising from or related to (i) the facts, circumstances, transactions, and occurrences that are the subject of the Derivative Litigation; (ii) breaches of fiduciary duty (including, without limitation, duty of care, duty of loyalty, duty of oversight, and aiding and abetting any breaches of fiduciary duty), or any breaches of contract, each based on, relating to, or in any manner arising from, in whole or in part, any and all prepetition and postpetition dealings by and between any or all of the PDSTI Parties and the Debtors, including: (1) the management, ownership, or operation of the Debtors; (2) business or contractual arrangements; (3) intercompany transactions; (4) distributions, advances or any similar transactions; and (5) expense reimbursements.

5.  All Causes of Action against (a) Asset Management Company Venture Fund, L.P.; (b) Philip Condit; (c) Kirk Hawkins; (d) Snowcrest Partners; (e) Steen Strand and (f) any Affiliates, subsidiaries, or parties related to the parties set forth in (a) through (e), arising from or related to, among other things: (i) the facts, circumstances, transactions, and occurrences that are the subject of the Derivative Litigation; and (ii) breaches of fiduciary duty (including, without limitation, duty of care, duty of loyalty, duty of oversight, and aiding and abetting any breaches of fiduciary duty), or any breaches of contract, each based on or relating to, or in any manner arising from, in whole or in part, any and all prepetition and postpetition dealings with the Debtors, including: (1) the management, ownership, or operation of the Debtors; (2) business or contractual arrangements; (3) intercompany transactions; (4) distributions, advances or any similar transactions; and (5) expense reimbursements.

6.  All Causes of Action against Co-Production International, Inc. arising from or related to, among other things: breaches of contract, each based on or relating to, or in any manner arising from, in whole or in part, any and all prepetition and postpetition dealings with the Debtors, including: (1) the management, ownership, or operation of the Debtors; (2) business or contractual arrangements; (3) intercompany transactions; (4) distributions, advances or any similar transactions; (5) the condition of the Debtors' assets; (6) labor and employment matters; and (7) expense reimbursements.

7.  All Causes of Action against Persons or Entities (other than Released Parties) that are party to or that may in the future become party to litigation, arbitration, or any other type of adversarial proceeding or dispute resolution proceeding, whether formal or



informal or judicial or nonjudicial, regardless of whether such entity is specifically identified in the Plan, except to the extent such entity is a Released Party.

8. All Causes of Action under section 510 of the Bankruptcy Code arising from or relating to any Claim, including but not limited to a Noteholder Claim for a prepetition funded debt obligation or a prepetition convertible note obligation, as applicable, of the Debtors.

9. Causes of Action related to any act or omission that is determined in a final order to have constituted fraud, willful misconduct, or gross negligence.

10. The right to seek a determination by the Bankruptcy Court of any tax, fine, or penalty relating to a tax or any addition to a tax, under section 505 of the Bankruptcy Code.

11. All other Causes of Action arising in contract or tort or under a statute, including but not limited to Claims or Causes of Action arising from or related to: (a) guarantees, indemnities, recoupment, or setoff; (b) failure to fully perform or to condition performance on additional requirements under contracts with the Debtors before the assumption or rejection, if applicable, of such contracts; (c) payments, deposits, holdbacks, reserves or other amounts owed by any creditor, utility, supplier, vendor, insurer, surety, factor, lender, bondholder, lessor or other party; and (d) counter-claims and defenses related to any contractual obligations.

12. All Causes of Action against any Person or Entity for recovery of, related to, or in connection with, the Debtors' accounts receivable.

13. All Causes of Action against any Person or Entity related to or in connection with equipment, machinery and other tangible personal property located at any location leased or formerly leased by the Debtors that is not a Real Property Lease (as defined in that certain Asset Purchase Agreement, dated May 1, 2024, between and among the Debtors and SG Investment America, Inc., which was approved by the Sale Order entered at D.I. 296 on June 18, 2024 (such Asset Purchase Agreement, the "APA")).

14. All Causes of Action against any Person or Entity arising under, related to, or in connection with Contracts not constituting Purchased Contracts (as such terms are defined in the APA).

15. All Causes of Action against any Person or Entity arising under, related to, or in connection with insurance policies or the proceeds thereof to which the Debtors have any rights whatsoever (including all current and prior director and officer or similar fiduciary or errors and omissions insurance policies and all rights thereunder), regardless of whether such contract or policy is specifically identified in the Plan, including, Causes of Action against insurance carriers, reinsurance carriers, insurance brokers, underwriters, occurrence carriers, or surety bond issuers relating to coverage, indemnity, contribution, reimbursement, or any other matters.



16. Any and all tax obligations to which the Debtors are a party or pursuant to which the Debtors have any rights to whatsoever, including, without limitation, the Debtors' tax credits (including all employee retention credits), tax refunds, value-add tax reimbursements, tax deposits, tax attributes (including all net operating loss carryforwards and carrybacks), and prepaid tax amounts.

17. All Causes of Action of the Debtors against any Person or Entity, including without limitation the Purchaser, arising under or in connection with the APA, the sale of the Purchased Assets or any Ancillary Agreements (as such terms are defined in the APA) or the APA.

18. All Causes of Action against any Person or Entity unrelated to the Purchased Assets (as defined in the APA).

19. All Causes of Action against any Person or Entity arising under or in connection with all employee benefit plans, all assets of such employee benefit plans and all trust agreements, administrative service contracts, insurance policies and other Contracts related thereto and all rights of the Debtors with respect to any of the foregoing (as such terms are defined in the APA).

20. All Causes of Action against or related to any Person or Entity that owes or that may in the future owe money to the Debtors, regardless of whether such entity is expressly identified in the Plan. The Debtors expressly reserve all Causes of Action against or related to any Person or Entity that asserts or may assert that the Debtors owe money to them. The claims and Causes of Action reserved include Causes of Action against vendors, suppliers of goods and services, or any other parties: (a) for overpayments, back charges, duplicate payments, improper holdbacks, deductions owing or improper deductions taken, deposits, warranties, guarantees, indemnities, recoupment, or setoff; (b) for wrongful or improper termination, suspension of services or supply of goods, or failure to meet other contractual or regulatory obligations; (c) for failure to fully perform or to condition performance on additional requirements under contracts with the Debtors before the assumption or rejection, if applicable, of such contracts; (d) for payments, deposits, holdbacks, reserves or other amounts owed by any creditor, utility, supplier, vendor, insurer, surety, factor, lender, bondholder, lessor or other party; (e) for any liens, including mechanics', artisans', materialmens', possessory or statutory liens held by the Debtor; (f) for counter-claims and defenses related to any contractual obligations; (g) for any turnover actions arising under Bankruptcy Code sections 542 or 543; and (h) for unfair competition, interference with contract or potential business advantage, breach of contract, infringement of intellectual property or any business tort claims.

21. All Causes of Action based in whole or in part upon any and all postings of a security deposits, adequate assurance payment, or any other type of deposit, prepayment, or collateral, regardless of whether such posting of security deposit, adequate assurance payment, or any other type of deposit, prepayment or collateral is specifically identified herein.



22. All Causes of Action based in whole or in part upon any and all liens regardless of whether such lien is specifically identified herein.

Pursuant to the Plan Administrator Agreement and Plan, the Plan Administrator, the Debtors, or the post-Effective Date Debtors, as applicable, may assert, pursue, litigate, investigate, prosecute, and/or compromise and settle the Retained Causes of Action, without further approval of the Bankruptcy Court or any other body.

**No entity may rely on the absence of a specific reference in the Plan, the Plan Supplement (including this Schedule of Retained Causes of Action), or the Plan Administrator Agreement to any Retained Causes of Action against it as any indication that the Plan Administrator will not, or may not, pursue any and all available Retained Causes of Action against it. The Plan Administrator, on behalf of the post-Effective Date Debtors, expressly reserves all rights to prosecute any and all and all Retained Causes of Action against any Person or Entity.**

Unless any Retained Causes of Action against an Person or Entity is expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or a Bankruptcy Court order, the Plan Administrator, on behalf of the post-Effective Date Debtors, expressly reserves all Retained Causes of Action for later adjudication, and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches shall apply to such Retained Causes of Action upon, after, or as consequence of, confirmation or consummation of the Plan. In accordance with section 1123(b)(3) of the Bankruptcy Code, any Retained Cause of Action that the post-Effective Date Debtors may hold against any Person or Entity shall vest in the Plan Administrator.

Notwithstanding any of the foregoing, the post-Effective Date Debtors expressly reserve all rights to raise any defenses, including, but not limited to, those related to setoff or other offsets in connection with filed proofs of claim under applicable law, including, but not limited to, section 502(d) of the Bankruptcy Code.



**Exhibit E**

**Litigation Trust Agreement**

**[No amendments, modifications, or supplements at this time]**